## BROWN *vs.* BEASON.

1. A widow may maintain trover for personal property belonging to the estate of her deceased husband of which she had possession several years after his death, when no letters of administration have been granted on his estate.
2. In trover, where there has been a wrongful assumption of property by the defendant, which, of itself, is a conversion, no demand is necessary before suit brought.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. THOMAS A. WALKER.

TROVER by Susannah Beason against Calvin Brown, for a mule which was shown to have belonged to the plaintiff's husband at the time of his death. One Murphy, a witness for plaintiff, testified, " that he knew the parties to this suit and the mule sued for; that plaintiff's husband died in 1842, owning, at the time of his death, this mule and another one, a horse and other property; that said Beason left several children, some of whom were over twenty-one years of age, and some minors, four or five of whom lived with plaintiff after the death of their father; that the mule sued for, as well as the other property left by said Beason at his death, remained unadministered with the family, and was used and controlled by plaintiff as her own; that William Beason, one of plaintiff's sons, who lived with her, frequently used the mule, just as a boy in the family would; that he was over the age of twenty-one

years, and lived i▭ the family of his mother, the plaintiff; that one of her children was then a minor; that he had seen him ride the mule frequently; that in January, 1852, he rode the mule to Guntersville, and while there he saw the defendant have the mule in his possession; that defendant asked witness, if he claimed the mule; to which witness replied, that he did not, but it belonged to the widow Beason; to which defendant replied, that he had got or won the mule from William Beason, or fifty dollars in the mule; that the mule was worth from $80 to $85.

" This was all the proof in the cause; and there being no conflict in it, the court charged the jury, that, if they believed the testimony, they must find for the plaintiff; to which chaige the defendant excepted. The defendant then asked the court to charge, that, unless the plaintiff proved a demand of the mule from defendant, before suit brought, she could not recover; which charge the court refused to give, but charged the jury, that the service of the writ in this case was a sufficient demand to maintain the action." The defendant excepted to the refusal, and to the several charges given; and these rulings of the court are now assigned for error.

BELSER & RICE, for appellant.

LOUIS WYETH, *contra.*

GOLDTHWAITE, J.—We are satisfied that the plaintiff below might properly maintain the action, against every one but the rightful administrator, upon a principle analogous to that which enables the finder of lost property to maintain the same action against every one but the real owner. During the period that administration was not granted, the legal title or real ownership was, in one sense, in no one.

2. The mule sued for was in possession of the defendant, who, on being informed that it was the property of the plaintiff, replied, that he had got or won the mule, or fifty dollars in the mule, from William Beason, who, the evidence proved, was the son of the plaintiff, living with her, and using the mule as a boy in the family would. The rule is, that no demand is necessary in trover, where a conversion can be proved without one; but the wrongful assumption of the property in the goods is, of

itself, a conversion.—1 Chit. Pl. 179, and cases there cited ; Hyde v. Noble, 13 N. H. 494 ; Lee v. Mathews, 10 Ala. 682. This is the case here, as the language used by the defendant will reasonably admit of no other construction, than that he claimed the right to hold the mule, which was in his possession, because he had got or won it from William Beason, who had no right to dispose of it. What was this, but the wrongful assumption of property ? We think the court was right in its charge upon the evidence, and this being the case, the charge requested was properly refused ; and, although instructions that the writ in this case operated as a demand, asserted an erroneous legal proposition, yet, as the plaintiff was entitled to recover without a demand, the judgment is not reversible on that ground, and must consequently be affirmed.