# Case No. 14,159.

## The TREASURER.

### [1 Spr. 473.] [1]

District Court, D. Massachusetts. April, 1859.

AFFREIGHTMENT — DELIVERY — DISCHARGE — WEIGHER—BILL OF LADING—ASSIGNMENT—RESCISSION.

1. The assignee of a bill of lading has no right to require a delivery of the cargo, without paying freight.

2. But he has a right to have it discharged, so that it can be examined, to ascertain whether it corresponds with the bill of lading in quantity and quality.

3. Where the quantity is to be ascertained by weighing, the holder of the bill of lading has no right to insist that the certificate of a particular weigher, selected by himself, shall be conclusive.

[Cited in Nine Thousand Six Hundred and Eighty- One Dry Ox Hides, Case No. 10,273.]

4. If he so insist, it is equivalent to a refusal to receive the cargo.

5. If the consignee named in the bill of lading make a contract for the sale of the cargo, for cash or notes, and assign the bill of lading to the purchaser, and the latter refuse to receive the cargo, and make payment except upon conditions which he has no right to prescribe, the consignee may rescind the contract of sale.

In this case, the libel, filed on the 18th day of April, in substance alleged that the master of the schooner, on the 24th of March last, signed a bill of lading for 250 tons of coal, shipped by E. A. Packer & Co., at Philadelphia, to be delivered to J. E. Howard, or his assigns, at Boston, on payment of freight; and that on the arrival of the vessel here, Howard sold the cargo, and indorsed the bill of lading thereof, to the libellant, who thereupon notified the master where to deliver the coal, and requested him to deliver it accordingly; but that the master, after having hauled his vessel to the libellant's wharf, refused to deliver the coal,

and hauled the vessel to E. C. Prescott's wharf, and was, at the time of filing the libel, discharging her cargo there. The libel treated this as a conversion of the cargo to the use of the owners of the vessel, and the damages demanded were the value of the cargo, and the amount of inconvenience occasioned to the libellant by its non-delivery. The claimant's answer substantially admitted the facts alleged in the libel, except as to the refusal to deliver, and alleged a tender by the master, and a refusal to receive the coal by the libellant. The witnesses being all present, Judge Sprague consented, at the request of the parties, to hear and decide the case before the return-day of the warrant.

F. W. Sawyer, for libellant.
Charles W. Storey, for claimant.

SPRAGUE, District Judge. It is proved that a contract of sale was made last week, for an agreed price in cash, or a promissory note, and the bill of lading indorsed and delivered to the libellant. And further, that the master had hauled his vessel to the libellant's wharf, and made a tender of the cargo, and that the delivery had been prevented by a controversy which arose as to the weighing of the cargo. The libellant insisted that it should be weighed by a weigher whom he named, who was to be employed and paid by him. To this the master and consignee objected, declaring that they had not confidence in the weigher who had been designated. They proposed that there should be two weighers, the one insisted upon by the libellant, and another to be selected and paid by themselves; the latter also to weigh the cargo on the wharf. But this the libellant refused, insisting that the weighing should be done only by his own weigher, according to whose certificate of quantity payment should be made; and finally refused to discuss the subject further, and told the master that he had nothing more to say to him. The libellant did not pay, nor tender payment, for the coal. Howard, the consignee, demanded the return of the bill of lading, but the libellant refused to give it up. The vessel was then removed to another wharf, and the cargo was sold by the consignee, and delivered to another person. The libellant now claims for its non-delivery. As assignee of a bill of lading, under the contract of sale, he had no right to require the delivery of the cargo to him, without paying the freight; but he had a right to require that it should be discharged from the vessel, so as to give him an opportunity to examine it, and ascertain whether it corresponded with the bill of lading in quantity and quality; and for this purpose, he had a right to weigh it. But the master had the same right, of which he could not be deprived by the libellant's having selected

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

his own wharf as the place of discharge. He should have permitted the master to have the means of examining the cargo, and ascertaining its weight, and had no right himself to select the weigher, and insist that his certificate should be taken as conclusive.

The conduct of the libellant in prescribing conditions which were sanctioned neither by law nor reason, and to which the master was not bound to submit, was equivalent to an absolute refusal to receive the cargo. And even if the libellant were the owner of it, the master would have been authorized, as an agent from necessity, to dispose of the cargo, and would have been responsible for the net proceeds, after deducting freight, and his expenses and compensation as such agent. But the libellant cannot be deemed the owner, so as to recover even the net proceeds. By the contract of sale, he was to receive the cargo, and pay therefor, either by cash or note. He refused to receive the cargo, and made no payment, or offer of payment, in any form, and must be deemed to have refused payment according to the terms of sale. Howard, the consignee, therefore, had a right to rescind the contract of sale. This he has done, and sold the goods to a third party. It is true, the bill of lading was assigned and delivered to the libellant, and this is generally considered a transfer of the property. But a delivery of the evidence of title, or delivery by symbol, can have no greater efficacy than a manual delivery of the property itself, which, it is well known, will not deprive the vendor of the right to rescind the sale, if the purchaser refuse to perform its conditions; as, for example, to pay cash on delivery. The libel must, therefore, be dismissed with costs.