## COOK vs. PATTERSON.

[TROVER FOR CONVERSION OF MULE.]

1. *Competency of distributee as witness for co-distributee.*—In an action by one of the distributees of an estate, on which no administration has been granted, for the conversion of property which went into his possession after the death of the intestate, another distributee of the estate is (Code, § 2302) a competent witness for him.

2. *What title will sustain trover.*—Prior actual possession is sufficient to sustain an action of trover, against one who afterwards comes into possession without title, or who receives the possession from one who came into possession without title, unless the defendant can connect his possession with a better outstanding title in another.

3. *Rehearing at law.*—Where the refusal of the circuit court to grant a rehearing, after final judgment at law, (Code, § 2408,) is assigned as error on appeal from the original judgment, but is not urged in the argument of the appellant's counsel, the appellate court will not consider whether the application was made in time, whether the petition was legally sufficient, or whether an appeal lies from the refusal of such an application.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by John L. Patterson, against Fenton Cook, to recover damages for the conversion of a mule; and was commenced on the 11th December, 1856. On the trial, as the bill of exceptions states, "the plaintiff introduced as a witness —— Patterson, his brother, who testified, that the mule sued for belonged to the estate of their mother, who died in 1855, intestate; that said mule was in her possession at the time of her death; that no administration had been granted · on her estate; that her several children, of whom plaintiff was the oldest, were her heirs, and most of them were under the age of · twenty-one years." The defendant objected to the competency of this witness, and reserved an exception to the overruling of his objection. The evidence showed, that the mule belonged to Mrs. Patterson, plaintiff's mother, and was in her possession at the time of her death; that there had never been any administration on her estate,

nor any sale of the property belonging to it; that the plaintiff, who was her oldest child, and the only one that was twenty-one years of age at the time of her death, took possession of the mule at her death, and kept and used it for nearly twelve months, when it was taken away by one Miller, and sold by him to the defendant; that the plaintiff, during his possession, used and claimed the mule as his own, and at one time offered it for sale; that he demanded the mule from the defendant, but the latter refused to deliver it; that Miller had raised a crop jointly with the plaintiff, and, when he went away, left in plaintiff's possession his portion of the crop, which was nearly (if not quite) sufficient to indemnify him for the loss of the mule; and that the defendant purchased from Miller in good faith.

" The above being the substance of all the evidence in the case, the court charged the jury, (among other things,) that if the plaintiff took the mule into his possession after his mother's death, for the purpose of taking care of it for the rightful administrator when one should be appointed and qualified, and with the intention of then delivering him to such administrator, then plaintiff had such title to the mule as would entitle him to recover the value of the mule in this suit, with interest thereon from the time it was converted by the defendant, although there might not have been any administrator appointed; but, if he took said mule into his possession for the purpose of converting it to his own use, he was a wrong-doer, and could not recover in this suit.

" The court also charged the jury, at the instance of the plaintiff, that if they believed the plaintiff got possession of the mule after the death of his mother, as the property of her estate; and that it belonged to her estate; and that plaintiff is the only child that is of lawful age, and had the mule in his possession more than eight months; and that the same was taken out of his possession by some one, and traded off to the defendant,—then plaintiff had such title to the property as authorized him to maintain this action.

" The defendant excepted to each of these charges, and then requested the following charges :

" 1. If the mule was in the plaintiff's possession without any definite period or purpose, but by possession only, then he cannot maintain this action.

" 2. If the jury believe from the evidence that the mule was the property of Mrs. Patterson's estate; that she left several children who were minors; that the mule went into plaintiff's possession twelve or eighteen months after her death, and was taken from his possession, by one Miller, some eight months afterwards ; and that the de-. fendant traded for the mule in good faith, and the plaintiff afterwards demanded the mule as his own property, and the defendant refused to deliver it,—then the defendant is not guilty of a conversion of the plaintiff's property, and they must find for the defendant."

The court refused these charges, and defendant excepted.

The trial was had at the April term, 1858. On the 9th August following, the defendant filed an application for a rehearing, which the court, on the 9th September, refused to grant.

The errors assigned are, the rulings of the court to which exceptions were reserved, as above stated, and the refusal of the application for a rehearing.

RICHARDS & FALKNER, with GUNN, STRANGE & OLIVER, for the appellant.

BROCK & BARNES, contra.

STONE, J.—This was a suit by Patterson as an individual. The result of this suit, one way or the other, could not determine or affect the right of Mrs. Patterson's estate in the property. Nor could the verdict and judgment in this suit be evidence for —— Patterson, the witness, in another suit, in the sense in which that language is employed in section 2302 of the Code.—See Harris v. Plant, 31 Ala. 639 ; Rupert v. Elston, at the present term.

[2.] The point made on the charges given and refused, relates to the sufficiency of plaintiff's title to maintain trover. Prior actual possession, although there may be

a better title in another, is sufficient to maintain trover, against one . who afterwards comes into the possession without title, or who received the possession from one who thus came into possession without title, unless such defendant can connect his possession with the better title. Brown v. Beason, 24 Ala. 466; Lowremore v. Berry, 19 Ala. 130; Hare v. Fuller, 7 Ala. 717; Reav. Dig. 445, § 3; Miller v. Jones, 26 Ala. 247; Reese v. Harris, 27 Ala. 301; Donnell v. Thompson, 13 Ala. 440.

No question seems to have been made in the court below, on the sufficiency of the evidence to prove a conversion.

[3.] The record contains what purports to have been an application to a circuit judge for an order granting a re-hearing in this cause, under the Code, § § 2408, *et seq.* The order was refused; and although there is an assignment of error, which seeks to have this question revised, no argument has been made upon it. In this state of the case, we do not feel called upon to decide, whether the application was made in time, whether it sets forth sufficiently the matter complained of so as to justify the relief prayed, or whether an appeal to this court will lie from the refusal of the circuit judge to make such order in a proper case.

Judgment of the circuit court affirmed.