# Ricketts *et al.* v. Croom.

*Bill in Equity to foreclose a Mortgage.*

1. *Estoppel; false representations.*—Where one partner induces the purchase of his one-half interest in the partnership, by the assurance that his co-partner's interest is paid for and unincumbered, he can not, on a bill filed to foreclose a mortgage, executed by the new firm, claim priority over the said mortgage, by virtue of a mortgage executed to him by his former co-partner, prior to the sale of his interest in the co-partnership, and duly recorded before the execution of the mortgage sought to be foreclosed ; the false and fraudulent representations of such vendor, upon which the purchaser relied and had a right to rely, estop him from setting up any claim or right contrary to his representations or prejudicial to the rights of his purchaser as a partner.

2. *Partnership; lien of partners upon property of the firm.*—Each part-

[Ricketts *et al.* v. Croom.]

ner has a lien upon partnership property, which may be made available to creditors of the partnership, to have the partnership assets applied to the partnership debts; and each partner has also a lien upon the assets of the firm to secure any balance that may be found upon a settlement to be due him from his co-partner.

APPEAL from the District Court of Lauderdale, in Equity.

Heard before the Hon. W. P. CHITWOOD.

The bill in this case was filed by the appellee against the appellants; and prayed to have a mortgage, executed to him by C. S. Wilson & Co., foreclosed. The facts of the case are sufficiently stated in the opinion. On the final hearing of the cause, the chancellor granted the relief prayed for, and decreed that C. B. Croom was entitled to the first lien on the partnership property, and that he should be first paid out of the proceeds thereof, after the payment of costs; that the debt of S. A. Lawton should be the next paid out of the partnership property, and that the claim of F. M. Ricketts, secured by the mortgage of C. S. Wilson, Jr., be a lien on the partnership property, after the payment of the partnership debts, as above provided. F. M. Ricketts appeals from this decree, and assigns the rendition thereof as error.

JOHN B. WEAKLEY, for appellant.

WALKER & HALL, for S. A. and B. A. Lawton.—1. The sale or incumbrance by a partner of his interest in the partnership assets passes to the purchaser only his share of what would remain after the payment of the partnership debts, and the adjustment of the equities of the partners.—17 Amer. & Eng. Encyc. of Law, p. 966; *Cannon v. Lindsey,* 85 Ala. 198, 3 So. Rep. 676; *Fancher Bros. v. Bibb Furnace Co.,* 80 Ala. 481; *Warren v. Taylor,* 60 Ala. 218; *Coster v. Bank, &c.,* 24 Ala. 37; *Tarbell v. West,* 86 N. Y. 280; *Sheehy v. Graves,* 58 Cal. 449; *Chase v. Steel,* 9 Cal. 64; *Beecher v. Stevens,* 43 Conn. 587; *Deeter v. Sellers,* 102 Ind. 458; *Fargo v. Ames,* 45 Ia. 491; *Norwalk Nat'l Bank v. Sawyer,* 38 Ohio 339; *Clark v. Houghton,* 12 Gray (Mass.) 38.

2. In settling partnership accounts each partner is clothed with the right to insist that the partnership effects shall be first applied to partnership debts, and this right will prevail over the alienee or creditor of the co-

partner. This right clothes the partner with a lien on the effects so that they shall be applied primarily to the payment of partnership debts. After the debts of the partnership are paid, each partner has a lien on the remaining partnership assets for any balance due him upon a proper accounting together.—*Goldsmith v. Eichold Bros. & Weiss*, 94 Ala. 116, 10 So. Rep. 80; *Fancher Bros. v. Bibb Furnace Co.*, 80 Ala. 481; *Warren v. Taylor*, 60 Ala. 218, and authorities; Lindley on Partnership, 352.

ASHCRAFT & VANCE, for C. B. Croom.

COLEMAN, J.—The testimony establishes the following facts. Prior to and on the 1st day of October, 1891, F. M. Ricketts and one W. J. Turpin were co-partners in the livery business. On that day Ricketts sold on a credit his undivided interest in the partnership to C. S. Wilson, and took a mortgage on the half interest sold to him to secure the payment of the purchase money. The mortgage was not filed for record until the 30th of October, 1891. About the 10th of October Ricketts purchased from his former partner, Turpin, his interest, and the new firm of Wilson & Ricketts was formed. A few days thereafter, and before the filing of the mortgage executed by Wilson to him, Ricketts proposed to sell his interest in the partnership of Wilson & Ricketts to S. A. Lawton. Considering the proposition of Ricketts, Lawton enquired of Ricketts whether Wilson had paid him for the interest purchased of him, stating at the time, that he would not form a partnership with Wilson, if the latter's interest was subject to any incumbrance. Ricketts assured him it was all settled for, and upon this representation Lawton purchased from Ricketts his interest, and formed a partnership with Wilson under the firm name of C. S. Wilson & Co. After the purchase by Lawton and the formation of the partnership of C. S. Wilson & Co., Ricketts filed his mortgage upon the interest of C. S. Wilson and it was duly recorded. Lawton had no actual notice of the registration of this mortgage. During the continuance of the business, the firm of C. S. Wilson & Co. became indebted to Lawton, and to carry on the business, it became necessary to borrow money. Lawton applied to Croom, the complainant, for a loan of one thousand dollars, and informed Croom that the partner-

ship property was free from incumbrance. At this time
Ricketts' mortgage had been recorded, but it was clearly
shown, that Lawton acted in good faith with Croom in
representing to him that the property was free from in-
cumbrance, he relying upon the statement of Ricketts to
that effect. Croom loaned C. S. Wilson & Co. the one
thousand dollars, and took a mortgage upon the partner-
ship property to secure its payment. It is expressly
covenanted in the mortgage that the property was free
from incumbrance, and the parties had the right to con-
vey. The note and mortgage were signed by the firm of
C. S. Wilson & Co., and also by the individual members
of the firm. When the note of Croom became due he
filed the present bill against C. S. Wilson & Co. to fore-
close his mortgage upon all the property of C. S. Wilson
& Co., and made Ricketts also a party defendant. S. A.
Lawton, a member of the firm of C. S. Wilson & Co., by
answer, admitted the allegations of the bill, and by cross-
bill prayed that, after the debt of complainant was
paid, the partnership property should be subjected
to the payment of the balance due him. Ricketts an-
swered both bills, and claimed priority by virtue of his
mortgage, which was duly filed for record and recorded
before the execution of the mortgage to Croom, and prior
to the indebtedness of the firm to S. A. Lawton. Many
questions have been argued; but this statement of the
facts present the only material legal questions involved
in the case.

It is a familiar principle of law that each partner has
a lien upon partnership property, which may be
made available to creditors of the partnership,
to have partnership assets applied to the payment
of partnership debts, and each partner has a lien upon
the assets of the firm which may be enforced for the sat-
isfaction of any balance due either partner. Ricketts
was a creditor of C. S. Wilson, and held a mortgage upon
his interest in the partnership property anterior to the
formation of the partnership of C. S. Wilson & Co.
*Prima facie*, his rights upon the property of C. S. Wilson
put into the firm are superior to those of the partner S.
A. Lawton, or Croom, the partnership creditor. Before
purchasing from Ricketts, and before the formation of
the partnership of C. S. Wilson & Co., Lawton enquired
of Ricketts, whether Wilson owned the property he pro-

posed to bring into the firm, and was assured by Ricketts that he did, and that it was settled for and unencumbered. It was upon this assurance by Ricketts that Lawton entered into partnership with C. S. Wilson, and formed the partnership of C. S. Wilson & Co. By this false and fraudulent representation of Ricketts, upon which Lawton relied and had the right to rely, Ricketts estopped himself from setting up any claim or right contrary to such statement, prejudicial to the rights of Lawton as a partner.

We hold that Lawton has a lien, as a partner, upon the partnership assets not only to secure any balance that may be found due him upon a settlement, but has the right to have the partnership assets applied to the payment of the partnership debts, and thus save his individual property from being applied to partnership debts, until all the partnership assets have been exhausted. The equitable doctrine of estoppel applies with all its force, to the claim of Ricketts.—*Lindsay v. Cooper*, 94 Ala. 170, 11 So. Rep. 325; *Freeman v. Brown*, 96 Ala. 301, 11 So. Rep. 249; *Warren v. Taylor*, 60 Ala. 218; *Goldsmith v. Eichold Bros.*, 94 Ala. 116, 10 So. Rep. 80.

There is no error in the record.

Affirmed.