# Stafsky *v.* Southern Railway Co.

## *Action of Trover.*

1. *Trover; conversion.*—Conversion is the gist of an action for trover; and, to support the action, there must be a concurrence of the right of property, general or special, and of possession, or the immediate right of possession, in the plaintiff at the time of the conversion. If defendant exercises a dominion over the property, in exclusion or defiance of plaintiff's rights, that is a conversion, be it for his own or another's use.

2. *Sale; rescission.*—A wrongful refusal by the buyer, to accept goods, authorizes the seller to rescind the sale, keep the goods as his own, and recover the difference between the market price, at the time and place of delivery, and the contract price.

3. *Trover; estoppel.*—Where a buyer and consignee of goods refuses to receive them from the carrier, and the latter, acting in good faith, delivers them to the seller, the buyer is estopped from suing the carrier in trover for the goods.

APPEAL from City Court of Birmingham.

Tried before Hon. C. W. FERGUSON.

The facts of this case are all set out in the opinion. From a judgment for the defendant, the plaintiff appealed.

GEORGE HUDDLESTON, for appellant.

JAMES WEATHERLY, *contra.*

DENSON, J.—This is an action of trover brought by
Stafsky, plaintiff, against the Southern Railway Com-
pany, defendant, on the 6th day of September, 1902, for
the alleged conversion of a case of shoes.

The case was tried by the court on the following
agreed statement of facts, to wit: "On August 4th, 1901,
the plaintiff purchased on three months credit from V.
Rosenzweig of New York City one case of shoes of the
value of $123.75, which shoes were on September 4th,
1901, regularly shipped to him at Birmingham, Alabama,
over defendant's line of railroad; that said shipment was
received by defendant at the Birmingham station within
a reasonable time and proper and legal notice of such
receipt given to plaintiff; that plaintiff thereupon re-
fused to receive the consignment of shoes and to pay
freight thereon on the ground that same had been unrea-
sonably delayed in transit, which ground was not well
taken, and that defendant, after such refusal corre-
sponded with V. Rosenzweig, the consignor, and on his
request returned the shoes to him on May 1st, 1902, and
that defendant collected no freight charges on such ship-
ment, and that defendant is a common carrier and rail-
road company; that plaintiff never paid said V. Rosenz-
weig for said goods."

The court rendered judgment for the defendant and
the plaintiff appealed.

Appellant's contention is, that while he did not have
any good reason for refusing to receive the goods, and
notwithstanding he refused to receive them, yet he was
the true owner of the goods, and that the appellee, under
the facts in the case, could acquit itself of liability to
plaintiff after receiving the goods only in two ways; first,
by storing the goods in a warehouse at the expense of
the owner; second, by a sale of them in conformity with
the statute.—Code § 2336.

The true question in the case is, not whether by re-
sorting to one of the two modes pointed out the appellee
could have acquitted itself of liability, but under the

18s

agreed statement of facts was it guilty of a conversion; did it deal tortiously with the goods in such sort as to make it liable in this action by trover by appellant as for a conversion?

"Conversion is the gist of an action of trover; and to support the action there must be a concurrence of the right of property, general or special, and of possession, or the immediate right of possession, in the plaintiff at the time of the conversion.—*Booker v. Jones,* 55 Ala. 266; *Bolling v. Kirby,* 90 Ala. 215.

"If defendant exercises a dominion over the property in exclusion or defiance of the plaintiff's rights, that is a conversion, be it for his own or another's use."—Authorities *supra; Connor v. Allen,* 33 Ala. 515; Cooley on Torts, (1879), p. 448.

It was the plaintiff's duty upon the arrival of the goods at Birmingham to have received them; this duty he declined to perform, notwithstanding the goods arrived within a reasonable time and he was duly notified of their arrival. His refusal to receive the goods, he conceded and agreed, was without any foundation. Therefore, the refusal to receive was wrongful. The defendant notified the shipper of the facts and the shipper requested that the goods be shipped back to him, and, on May 1st, 1902, the request was complied with. A wrongful refusal to accept goods sold authorizes the seller to rescind the sale.—24 Am. & Eng. Ency. Law (2nd ed.), 1104, c. c. and authorities under note 5; 24 Am. & Eng. Ency. Law (2nd. ed.), 1097, (Rescission), note 1.

It is true that the seller might have sued the buyer (plaintiff) for the contract price at which the goods were sold and there would have been no good defense to the suit, but the goods not having passed into the actual possession of the purchaser, the seller might, upon the vendee not taking and paying for them, keep them as his own, and recover the difference between the market price at the time and place of delivery, and the contract price.—Benj. on Sales (6th ed.), § 788 p. 769 and authorities cited under note z; *The Schooner Treasurer,* 1 *Sprague* 473; *Kearny v. Union Pacific Ry. Co.,* 59 Am. St. Rep. 434.

The evidence tends strongly to show, that the defendant acting in perfect good faith in returning the goods and that it was induced to return them by the declarations and conduct of the plaintiff. Defendant tendered the goods to plaintiff and he in effect said they were not his, that he was under no obligation to receive them, and refused to receive them. In returning the goods under the circumstances shown by the agreed statement of facts, can it be reasonably said, that the defendant acted in defiance of any right the plaintiff had, or that it exercised dominion over them to the exclusion of plaintiff's right?

Acts *in pais* will operate an estoppel when the opposite party has been induced to act upon them, and we think upon the agreed statement of facts, even waiving the question of plaintiff's title *vel non*, the judgment of the trial court is correct.—*McGowan v. Young*, 2 Stew. & Por. 160; *Nelson v. Iverson*, 17 Ala. 216; 1 Brick. Dig., p. 796 § § 10 and 11; *Ricketts v. Croom*, 102 Ala. 332; 3 Mayfield's Digest, p. 424 § 311.

The judgment of the city court is

Affirmed.

McCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.