### J. P. WOLF CO. v. JOHNSON. (7 Div. 502.)

(Supreme Court of Alabama. Oct. 23, 1924.)

I. **Chattel mortgages** ☞229(2) — Count in code form held not subject to demurrer.

Count in code form, alleging that plaintiff's claim for conversion was based on chattel mortgage executed to him conveying cotton which was sold by mortgagor to defendant, *held* not subject to demurrer.

2. **Pleading** ☞34(2)—Where sufficient general allegation is followed by unnecessary allegations, merit of complaint is tested by sufficiency of facts.

Where sufficient general allegation is followed by unnecessary allegation of detail as constituting cause of action, merit of complaint will be tested by sufficiency of facts to show cause of action.

3. **Chattel mortgages** ☞229(2)—Facts alleged held not to contradict general allegation of ownership.

Where facts alleged showed conveyance of cotton by owner to plaintiff by chattel mortgage, independent allegation that mortgage was in possession of bank as collateral security did not show that bank acquired legal title, and did not contradict or impair general allegation of plaintiff's ownership.

4. **Chattel mortgages** ☞229(2) — Allegation that amount recovered was to be turned over to bank held surplusage.

Where complainant in trover alleged that plaintiff's claim was based on chattel mortgage, allegation that amount recovered was to be paid over to bank in discharge of plaintiff's debt was irrelevant surplusage, not affecting merits.

5. **Chattel mortgages** ☞229(2) — Not necessary to allege value of property converted nor amount of mortgage debt.

It is not necessary in trover count to allege value of property converted nor amount of mortgage debt, when plaintiff's title and right are based on mortgage.

6. **Money received** ☞15—Action held equitable in character.

Action for money had and received to plaintiff's use is equitable in character.

7. **Chattel mortgages** ☞229(2)—Question of legal title and right to possession of mortgaged chattels held not material.

Where count for money had and received was based on duly recorded chattel mortgage on cotton sold by mortgagor to defendant and thereafter sold by defendant, question of legal title and right to possession of cotton was not material.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by J. E. Johnson against the J. P. Wolf Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint is in two counts, one in trover for $94 for the conversion of "600 pounds of lint cotton, the property of plaintiff," and the other on a common count for the sum of $114 "for money had and received for the use of plaintiff."

The first count alleges that plaintiff's claim is based on a duly recorded mortgage executed to him by one Thrift in March, 1920, conveying the cotton in question, which was sold by said mortgagor to the defendant. It is further averred that at the time of said conversion said mortgage—

"was in possession of the First National Bank of Piedmont as collateral to secure the indebtedness due by this plaintiff to said bank, which

is still unpaid; that said mortgage is now in the hands of plaintiff, and he is bringing this suit for the purpose of effecting a recovery, and the payment of such recovery as is made on his indebtedness to said * * * bank."

The second count bases the claim for money had and received on the same averments made in the first count as to the execution of the mortgage, and the sale of the cotton by the mortgagor to the defendant, and further avers that the defendant sold the cotton and received therefor $114. It is averred that at the time of said sale the said mortgage "was held" by said bank as collateral security for a debt due it by plaintiff, but without any averment that the mortgage is now in the hands of plaintiff.

Defendant demurred to each count, severally, on the grounds that it does not state a cause of action; that it shows no title nor right of possession in plaintiff to the property at the time of its alleged conversion or sale; and that it is an attempt to recover for the use of the First National Bank of Piedmont, who is not a party to the suit. To the first count the objection is also made that it does not allege the value of the property alleged to have been converted.

The demurrers being overruled, a trial by jury was had, resulting in verdict and judgment for plaintiff. The appeal is on the record alone, and the assignments of error are based on the action of the trial court in overruling the demurrers.

Merrill & Allen, of Anniston, for appellant.

To maintain trover, plaintiff must have general or special property in the chattel, and actual possession or right of possession. Rolfe v. Huntsville Lbr. Co., 8 Ala. App. 487, 62 So. 537. As for conversion of mortgaged property, the measure of damages is the amount of the mortgage debt, not exceeding the value of the property, and the amount of the debt must be proved. Stewart Bros. v. Harris, Cortner & Co., 6 Ala. App. 518, 60 So. 445. The sufficiency of a pleading, which undertakes to go into particulars, must be judged by reference to those particulars. B. R., L. & P. Co. v. Weathers, 164 Ala. 28, 51 So. 303.

Charles F. Douglas, of Anniston, for appellee.

The first count met the requirements of the Code form. Code 1907, § 5382 (24); Kyle v. Caravello, 103 Ala. 150, 15 So. 527. The pledgor of a mortgage may maintain trover against a third person for conversion of the mortgaged property. Fairbanks v. Chunn, 2 Ala. App. 642, 56 So. 847.

SOMERVILLE, J. [1, 2] The first count for a conversion is in code form, and is not subject to any of the grounds of demurrer. It is of course the law that, where a sufficient general allegation is made in pleading, and it is followed by an unnecessary allegation of details as constituting the cause of action, the merit of the complaint will be tested by the sufficiency of the facts to show a cause of action. B. R., L. & P. Co. v. Weathers, 164 Ala. 23, 51 So. 303; Sheffield v. Morton, 161 Ala. 153, 49 So. 772.

[3] But the facts here so alleged do not contradict or impair the general allegation that the defendant converted the plaintiff's property. On the contrary they show a conveyance of the cotton by the owner to the plaintiff, which imports, prima facie, the transfer of the legal title with the right of possession, and the independent allegation that the mortgage was in the possession of the bank as collateral security does not show that the bank had acquired the legal title to the mortgaged cotton by an appropriate transfer of the mortgage, though such may have been the case. That fact, if material, was defensive matter, and available under the general issue.

[4] The allegation that the amount recovered is to be paid over to the bank in discharge of plaintiff's debt is of course irrelevant surplusage which in no wise affects the merit of the complaint.

[5] It is not necessary in a trover count to allege the value of the property converted, nor the amount of the mortgage debt when the plaintiff's title and right are based upon a mortgage. Each of those factors is material and definitive of the amount of the plaintiff's recovery, but it is a matter of proof and not of pleading.

The above considerations are applicable also to the objections made in the second count.

[6, 7] It is to be observed, however, that the action for money had and received to the use of the plaintiff is equitable in character (Traweek v. Hagler, 199 Ala. 664, 75 So. 152; Barnett v. Warren, 82 Ala. 557, 2 So. 457), and the question of legal title and a right to possession of the mortgaged chattels is not material, under the conditions shown, as it would be in a trover count (Boyett v. Potter, 80 Ala. 476, 2 So. 534; Thornton v. Strauss, 79 Ala. 164).

We find no error in the rulings of the trial court, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.