(134 So. 37)

## WINGFIELD MOTOR CO. v. DUPONT.

### 1 Div. 930.

Court of Appeals of Alabama.

April 21, 1931.

Gordon, Edington & Leigh, of Mobile, for appellant.

Inge, Stallworth & Inge, of Mobile, for appellee.

**SAMFORD, J.**

So far as this case is concerned, the facts may be stated as follows: Plaintiff was the owner of an Essex automobile, the estimated value of which was from $125 to $300. With his consent his wife took the car and with her children started to Pascagoula. Before getting to Mobile plaintiff's wife with her baby got out of the car and into a closed car, leaving the Essex with her son and Peter Dobbs, an employee of defendant. Before the Essex got to Mobile it broke down, of which fact plaintiff's wife was notified, and she, with the consent of plaintiff, arranged with defendant to have the car repaired, which she was told would be about $5. Plaintiff's wife insisted on getting the car that same night, but upon being told it could not be repaired until morning she consented to wait, spent the night in Mobile, and the next morning she called for the car, offering to pay the repair bill. Defendant refused to deliver the car unless he was paid $50, $5 of which was for repairs to the Essex car and $45, which defendant claimed as damages for some real or fancied wrong done to him by a sister of plaintiff's wife, in which defendant claimed plaintiff's wife had participated. Possession of the car was demanded and offer made to pay the repair bill. Possession was refused unless defendant was paid $50, which was $45 in excess of the repair bill.

Defendant offered to prove that plaintiff bought the car from one Lancaster and had given notes for the purchase money, wherein Lancaster had retained title to the car, that the notes were in default, and that Lancaster had declared the notes forfeited.

Under the facts in this case the appellant had a lien on plaintiff's car for the re-

pairs made by it at the request of plaintiff's wife. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

The lien, however, extended only to the amount of the repairs (in this case $5), and when defendant assumed control and dominion over the car and refused to deliver it to plaintiff's wife unless and until it was paid an additional $45, for which it had no lien and to which it was not entitled from plaintiff, the conversion of plaintiff's Essex car was complete. Wilson v. Lewis, 11 Ala. App. 261, 65 So. 919; Stafsky v. Southern R. Co., 143 Ala. 272, 39 So. 132; Conner & Johnson v. Allen & Reynolds, 33 Ala. 515.

In this case the plaintiff was in possession of the Essex car in question claiming to be the owner; defendant obtained possession from plaintiff for the purpose of repairing the same. Such possession and title was sufficient to entitle plaintiff to recover in this action as against defendant who, by refusing to deliver the car, became a trespasser or wrong-doer. Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Cook v. Patterson, 35 Ala. 102.

The defendant claims error in that the trial court refused to permit it to introduce evidence tending to prove title to the car in one Lancaster from whom plaintiff had purchased the car and given notes retaining title in the seller. Prior actual possession is sufficient to sustain an action of trover against one who afterwards comes into possession without title or who receives possession from one who acquired it without title, unless defendant can connect his possession with a superior outstanding title in another. The transaction between Lancaster and plaintiff was res inter alios acta. Cook v. Patterson, 35 Ala. 102; Behr v. Gerson, 95 Ala. 438, 11 So. 115. Cases cited by appellant on this point are only applicable where plaintiff relies on title and not prior possession.

Under the facts in this case the defendant was guilty of a conversion of plaintiff's Essex car, and the trial court committed no error in so instructing the jury. Dent v. Chiles, 5 Stew. & P. 383, 26 Am. Dec. 350.

We find no error in the several rulings of the court nor in the record, and the judgment is affirmed.

Affirmed.