## CONSOLIDATED GRAPHITE CORPORATION v. KELLY.

### 7 Div. 207.

Supreme Court of Alabama.

Nov. 9, 1933.

Cabaniss & Johnston, of Birmingham, and Hardegree & Dempsey, of Ashland, for appellant.

M. P. Kelly and Pruet & Glass, of Ashland, for appellee.

518

KNIGHT, Justice.

Trover and trespass. As originally filed, plaintiff, M. P. Kelly, stated his case in one single count. This count attempted to charge a conversion by the defendant, Consolidated Graphite Corporation, of certain grape plants or nursery stock, the property of the plaintiff.

Thereafter, the plaintiff amended his complaint by adding three additional counts, lettered A, B, and C. Count C was subsequently withdrawn by the plaintiff. Count A is in Code form for trespass in taking goods, while added count B is in Code form for conversion of chattels. Each count, the original as well as the added counts, involved the same property, viz., the grape plants.

The defendant demurred, separately and severally, to each count of the complaint, and this demurrer was overruled by the court.

Confessedly, counts A and B being in form prescribed by the Code were good, and not subject to any ground of demurrer assigned thereto. J. P. Wolf Co. v. Johnson, 212 Ala. 39, 101 So. 655.

Count 1, however, does not charge a conversion in general terms but proceeds to aver in detail the facts constituting the alleged illegal and wrongful taking and appropriation by the defendant of plaintiff's grape plants. This being the case, the rule of our decisions is that the merit of the count will be tested by the sufficiency of the facts averred to show the stated cause of action. In other words, the facts specifically stated must support the general allegation, or the pleading will be bad. J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461; J. P. Wolf Co. v. Johnson, supra; Birmingham R., L. & P. Co. v. Weathers, 164 Ala. 23, 51 So. 303; Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Knight v. Tombigbee Valley R. Co., 190 Ala. 140, 142, 67 So. 238; Yarbrough v. Carter, 179 Ala. 356, 60 So. 833.

The facts averred and relied upon to support the general averment of the defendant's illegal and wrongful taking and appropriation of the plaintiff's grape plants, fall far short of sustaining the characterization of such facts as an illegal and wrongful taking and appropriation. It is true the averred facts show that the plaintiff in the spring of the year 1928, with the consent of the Alabama Quenelda Graphite Company, set said cuttings on a plot of land belonging to said company, at expense to plaintiff, in purchasing, setting out, and cultivating and caring for said plants, and that he remained in possession of same until on or about the month of May, 1930, yet it further appears from said count that in May, 1930, the defendant became the owner and purchaser of the lands, upon which the plants were growing, under and by virtue of a sale under a federal court decree, and immediately took possession of said land upon which the grape plants were growing. The count wholly fails to show that any duty rested upon the defendant to permit the plaintiff to go upon the land either for the purpose of cultivating, or removing the said plants. The added averment that the plaintiff agreed or offered to pay the defendant a reasonable rent for said land until said plants could be transplanted can add nothing to the count.

For aught averred to the contrary, defendant was rightfully in possession of the land under the federal court decree, and was wholly within its rights in declining to permit plaintiff to enter upon the land to cultivate the plants, or in refusing to permit him to remove the same; and for aught averred to the contrary, the federal court decree con-

cluded and determined the right of the plaintiff to the vines, and his right to remove the same. Having confessedly purchased the property under court decree, and having entered thereunder, the specifically averred facts do not show any wrongful taking, detention, or any illegal assumption of ownership, or any illegal user or misuser. Construed in the most favorable light for plaintiff, he was a tenant of the Alabama Quenelda Graphite Company, and it does not appear that he made any effort to avail himself of the statutory right to protect his interest in the vines by securing the Consolidated Graphite Corporation compensation for use and occupation of the land, and that corporation under the facts averred had unquestionably a lien on the vines for such compensation. We hold count 1 insufficient, and subject to the demurrer directed thereto, and the court erred in overruling defendant's demurrer to this count. Buchmann et al. v. Callahan, 222 Ala. 240, 131 So. 799, 802.

With its demurrer overruled, the defendant filed two special pleas, and when they were held insufficient on demurrer, defendant filed plea of general issue.

The defendant in its first special plea set up that it was the owner of land and of the grape plants under and by virtue of the federal court decree, which was made a part of the plea, "and that the said decrees are res adjudicata of the questions involved in this suit and constitute a complete bar to the plaintiff's said cause of action."

For plea 2 the defendant attempts to set up an estoppel against the plaintiff.

In plea 1, the defendant averred that plaintiff in the present suit had brought an action against the defendant and others involving the title to the lands the subject of this suit, which action was tried in the United States District Court for the Eastern Division of the Northern District of Alabama (having been removed from the circuit court of Clay county), which court had jurisdiction of said cause and said parties, being cause No. 51, pending in equity in said court, and which action culminated in a decree of said court in favor of the defendant, adjudging that the defendant herein was the owner of a mortgage upon said lands (the lands upon which the grape plants were growing being a part of the tract) to be sold in payment of said mortgage. It appears from said decree that said lands, pursuant to said decree, were sold by the clerk of said court, acting as special master of the court prior to the 17th day of April, 1930, and at the sale the defendant became the purchaser. This sale was duly reported to the court, and confirmed by the court, and a deed made to the said Consolidated Graphite Corporation. The decrees of the federal court were attached to and made a part of the said plea 1. The caption and the material paragraphs of the decree follow:

"In the United States District Court for the Eastern Division of the Northern District of Alabama, in Equity.

"M. P. Kelly, Plaintiff, v. Consolidated Graphite Corporation, Defendant and counter-claimant.

"No. 51.

"This cause came on again to be heard and was submitted on the bill of complaint of plaintiff M. P. Kelly as amended, on the answer and counter-claim of defendant Consolidated Graphite Corporation, and on the separate answers to said counter-claim filed by plaintiff M. P. Kelly, W. L. Shumate, Jr., Alabama-Quenelda Graphite Company, North Birmingham Trust and Savings Bank, as trustee, Fritz Worm, as trustee, and M. P. Kelly, as receiver; the intervention of M. P. Kelly, as receiver of Alabama-Quenelda Graphite Company, and the answer of Consolidated Graphite Corporation to the intervention filed by the said M. P. Kelly, as receiver, also upon the evidence and testimony submitted at the hearing; and after full consideration the court is of the opinion that the plaintiff, (who was M. P. Kelly) and M. P. Kelly, as receiver, are not entitled to relief. * * *

"It is therefore adjudged, ordered and decreed by the court as follows:

"(1) The plaintiff, M. P. Kelly, is not entitled to relief under the bill of complaint as amended, nor to an injunction as prayed therein. The temporary writ of injunction heretofore issued in said cause out of the Circuit Court of Clay County, Alabama, is dismissed and discharged and the order of decree authorizing same is annulled.

"The intervenor, M. P. Kelly, as receiver, is not entitled to relief under his petition or bill and the same is hereby dismissed on the merits.

"(2) Defendant, Consolidated Graphite Corporation, is adjudged and decreed to be the lawful holder and owner of that certain indebtedness secured by mortgage executed by W. L. Shumate, Jr., to Graphite Products Corporation dated December 16th, 1924, to be found of record in volume 74 at page 48 of the record of mortgages in the office of the Judge of Probate of Clay County, Alabama, outstanding in the principal amount of $32,516.84 as of date of this decree, and with interest accrued to the date of this decree in the sum of $2951.56."

Paragraph 7 of the decree, so far as here pertinent, reads: "The mortgage above mentioned and described, is hereby adjudged and decreed to be a valid and subsisting first lien, according to its terms, upon all of the lands described therein," etc.

Paragraph 8 provides, inter alia, for the sale of the lands by the clerk of the court in satisfaction of said mortgage.

520

Paragraph 17 decrees: "Alabama-Quenelda Graphite Company, W. L. Shumate, Jr., M. P. Kelly, plaintiff and intervenor, North Birmingham Trust and Savings Bank, as trustee under said mortgage, Fritz Worm, as trustee under said chattel mortgage, their officers, agents and assigns are hereby enjoined and restrained from disposing of or in any wise encumbering, removing or interfering with any part of the property decreed to be subject to the lien of the first mortgage above described or referred to," etc. (Referring to the mortgage owned by the Consolidated Graphite Corporation.) This decree was made and entered January 4, 1930.

In the decree of the federal court, after confirming the sale to, and purchase by, the Consolidated Graphite Corporation of the lands in question, it is decreed in the fourth paragraph as follows: "It is further adjudged, ordered and decreed by the court that M. P. Kelly, individually, and also as receiver in that certain cause recently pending in the circuit court of Clay County, Alabama, under the name and style of M. P. Kelly, complainant vs. Alabama-Quenelda Graphite Company, corporation, respondent, case #31, shall immediately on demand deliver to the purchaser named in brackets (2) and (3) above of this decree, or their assigns, the properties, respectively so purchased by them and which are in his possession or under his control, either individually, or as such receiver," etc.

Paragraph 5 of the decree reads: "It is further adjudged, ordered and decreed by the court that Alabama-Quenelda Company, W. L. Shumate, Jr., and M. P. Kelly, individually, and as such receiver, their officers, agents and assigns, are hereby enjoined and restrained from removing or interfering with the properties sold by the clerk and special master, as set forth above, and from doing or omitting to do any act or thing in any way contrary to the provisions of this decree," etc.

This decree was made and entered May 10, 1930.

Thus it is made to appear that the present plaintiff was a party to the proceedings in the federal court; that his rights in the mortgaged property were directly involved, and the decree adjudged that he had no interest in the land superior to the lien of the mortgage owned by the present defendant; that he was by the positive terms of the decree enjoined from removing any part of the property covered by the mortgage, and from interfering in any way with the same.

If the plaintiff was a tenant under the Alabama-Quenelda Graphite Company of any portion of the premises, and as such tenant had a growing crop of any kind, or nursery stock growing thereon, he should have made this known to the federal court, and given such bond as the court might have fixed to secure the payment of compensation to the Consolidated Graphite Corporation for the use of said land until the vines could be removed. This he failed to do.

■■■ We think defendant's special plea presented a defense to the action of the plaintiff, and the court committed error in sustaining the demurrer thereto. However, we are of the opinion that under defendant's plea of the general issue, the defendant was entitled to make the same matters of defense.

Under this plea of the general issue the defendant offered in evidence the entire proceedings in the federal court, including the pleadings, decrees, and deed executed to the defendant on the purchase of the property. The court refused to allow this proof by the defendant, and defendant duly reserved exceptions to such rulings. In these rulings the court committed reversible error.

■■■ "Conversion is the gist of an action of trover; and to support the action there must be a concurrence of the right of property, general or special, and of possession, * * * in the plaintiff at the time of the conversion." Booker v. Jones' Adm'x, 55 Ala. 266. "And to constitute a conversion there must be a wrongful taking, or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser." Beall v. James Folmar Sons & Co., 122 Ala. 414, 26 So. 1, 2; Moebes v. Garth, 210 Ala. 201, 97 So. 703.

In our recent case of Buchmann et al. v. Callahan, supra, it is said: "Whatever remedy, if any, the plaintiff may have as mortgagee of these crops, we are persuaded that under the foregoing principles of law, the action of trover will not lie. Defendant Martin held possession under a writ from the equity court, and gathered the crop by virtue of such possession so obtained. The mortgagor McCoy failed to avail himself of his statutory right to protect the crop by securing Martin compensation for use and occupation, and Martin held a lien thereon for such compensation. Having such possession and holding such a lien, it cannot be said that there was any wrongful taking or detention or an illegal assumption of ownership or an illegal user or misuser."

The defendant should have been permitted to introduce in evidence the record and proceedings had in the federal court, and his deed to the land executed by the clerk and special master. With this evidence in, the defendant's defense to the action would have been complete under any count of the complaint. Certain it is also that the evidence wholly failed to show any trespass committed by defendant as charged in count A.

For the errors pointed out, the judgment of the circuit court will be, and is, here reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.