30 So.2d 41
### WALLS v. BORDERS.
### 4 Div. 991.

Court of Appeals of Alabama.
April 15, 1947.

Roy L. Smith and W. R. Belcher, both of Phenix City, for appellant.

P. B. Traweek, of Elba, for appellee.

CARR, Judge.

Mrs. Agnes Borders, administratrix of the estate of Foster L. Borders, deceased, brought suit against W. D. Walls, trading as Blue Bird Cab Company.

The cause was submitted to the jury in the court below on the count of the complaint whereby a recovery was sought for damages for the alleged conversion of an automobile. The trial resulted in a judgment in favor of the plaintiff.

The only question presented for review is the propriety vel non of the refusal of the general affirmative charge in defendant's behalf.

The tendencies of the evidence for the appellee support the following facts:

Appellant was engaged in the taxi business and Mr. Borders, the deceased, was employed as a driver. By verbal agreement and without security or retention of title, the former sold the automobile in question to the latter. By the terms of the sale the vendee was to pay for the car at the rate of $150 per month, and did in fact pay a substantial amount as agreed. The taxes and tag fee were paid by the deceased, and the receipt therefor was issued in his name. This instrument was introduced in evidence and is incorporated in the record. Mr. Borders kept the car at his home when it was not being used by him in the taxi service. When not thus engaged it was used for personal conveniences. Just prior to his death, Mr. Borders left the automobile in a garage for repairs, and it was still there when he died. Appellant took possession of the car at the garage and, upon demand, refused to surrender same to appellee, unless she would pay the balance due on the machine, in-

cluding also other items of charge which the appellant claimed against the deceased.

The plaintiff testified, also, that no purchase price payments were in default at the time appellant took possession of the car at the garage where her husband had left it for repairs.

"To be entitled to the right of recovery for conversion, plaintiff must have general or special title to the property in question, and the possession or immediate right of possession; and the party complained against must have wrongfully exerted some act of dominion over such property inconsistent with and destructive of the title of the party plaintiff." American Standard Life Ins. Co. v. Johnson, 231 Ala. 94, 163 So. 632, 633. See also Stafsky v. Southern R. Co., 143 Ala. 272, 39 So. 132; Barksdale et al. v. Strickland & Hazard, 220 Ala. 86, 124 So. 234; Wolff v. Zurga et al., 227 Ala. 370, 150 So. 144; Consolidated Graphite Corp. v. Kelly, 227 Ala. 516, 150 So. 682; Wingfield Motor Co. v. Dupont, 24 Ala.App. 262, 134 So. 37; Sullivan v. Miller, 224 Ala. 395, 140 So. 606.

The facts disclosed by the evidence presented by the appellee in the case at bar bring the cause under the influence of the above principle and, in our view, made inapt the affirmative charge for appellant.

The judgment below is ordered affirmed.

Affirmed.