# Birmingham Railway Light & P. Co. v. Haggard.

### Damages for Injury to Passenger.

Decided April 16, 1908. 46 South. 519.)

1. *Carriers; Injury to Passenger; Complaint; Sufficiency.*—A complaint alleging that defendant is a carrier of passengers for hire and that while a passenger, plaintiff was thrown violently to the ground through the negligence of the company's servants or agents in carrying him as a passenger, sufficiently conforms to the rule allowing a non specific allegation of the negligence relied on, though general in its averments of negligence.

2. *Negligence; Willful Conduct; Contributory Negligence.*—Contributory negligence is not a defense to an action for injuries proximately resulting from willful or wanton misconduct.

3. *Interrogatories; Effect When Not Introduced.*—Interrogatories propounded to an adversary and answered as provided for by section 1850, Code 1896, are not evidence and cannot be considered either by the court or the jury until properly introduced upon the trial.

4. *Pleading; Waiver; Admission.*—Where the general issue has been interposed the filing of the plea of contributory negligence does not admit the negligence alleged in the complaint against the defendant nor waive the necessity for the introduction of evidence to support the averment of negligence of the company or its employe; and this is true notwithstanding the fact that interrogatories had been propounded to either side by the other, and answered under the provisions of section 1850, et. seq., Code 1896, so long as such interrogatories and answers are not offered in evidence.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Personal injury action by M. V. Haggard against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

[Birmingham Railway Light & P. Co. v. Haggard.]

Count 1 was in the following language: "Plaintiff claims of the defendant, a body corporate operating an electric street railway in Jefferson county, state of Alabama, $10,000 as damages, for that on, to wit, December 19, 1903, plaintiff, while a passenger upon the aforesaid railway, was injured at Fitts Street station, East Lake, county of Jefferson, state of Alabama, as aforesaid. Plaintiff was thrown very violently to the ground, thereby inflicting upon plaintiff very severe and internal injuries, and causing plaintiff to endure very great physical and mental pain and suffering, and permanently rendering plaintiff less able to earn any livelihood. Plaintiff avers said injuries to have been proximately caused by the negligence of the defendant's servants or agents in and about carrying the plaintiff as a passenger on the aforesaid railroad at the aforesaid time and place."

Demurrers were interposed to this count as follows: "For that it does not appear therefrom with sufficient certainty what duty defendant owed to plaintiff. It does not appear therefrom with sufficient certainty wherein or how the defendant violated any duty which it owed to plaintiff. It does not appear therefrom that plaintiff was a passenger on one of defendant's cars, or that defendant was a common carrier of passengers at the time. For that it does not appear therein wherein or how the defendant was guilty of negligence in and by carrying plaintiff as a passenger. For that it does not appear therefrom with sufficient certainty how or in what manner plaintiff was injured."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in overruling the 4th and 5th grounds of demurrer to the 1st count.—*City Del. Co. v. Henry,* 139 Ala. 161. The second count is not good.—*Bir. Ry.*

[Birmingham Railway Light & P. Co. v. Haggard.]

*L. & P. Co. v. Glover,* 38 South. 386. Charge 31 should have been given because the evidence showed that he voluntarily alighted from the car after it had increased its speed.—*Baggett v. Trulock,* 77 Ga. 369; 96 Ga. 481; 119 Ga. 822; 121 Ga. 428; 122 Ga. 45; *Tinney v. Cent. of Ga. Ry. Co.* 129 Ala. 523. Counsel discuss other assignments of error but without citation of authority.

DENSON & DENSON, for appellee. Whether one is guilty of contributory negligence in alighting from a slowly moving car, is a question for the jury.—*Watson v. Bir. R. & E. Co.* 120 Ala. 147; *Bir. R. & E. Co. v. James,* 121 Ala. 120; *Sweet v. Bir. R. & E. Co.* 136 Ala. 166. The duty to transport passengers safely, includes the safe landing of passengers.—*Montgomery St. Ry. Co. v. Mason,* 133 Ala. 527. Operatives of street railways must stop long .enough to allow passengers to alight, and must see and know that no passenger is in the act of alighting or in a position which would be rendered perilous by putting the car in motion.—*Sweat v. Bir. R .& E. Co. supra; H. A. & B. R. R. Co. v. Burt,* 92 Ala. 291; *M. & E. R. R. Co. v. Stewart,* 91 Ala. 421.

McCLELLAN, J.—There are two counts in the complaint, which seeks the recovery of damages for injuries to a passenger. The first charges simple negligence, and the second willful or wanton misconduct, on the part of the servants or employes of the defendant in control of the street car on which plaintiff was a passenger. The demurrer to the amended first count was properly overruled. That count, though general in its averments of negligence, conforms to all requirements under our rule permitting, in such cases, a terse and nonspecific allegation of the negligence relied on for a recovery.

Count 2, added by amendment, sufficiently charged willful or wanton misconduct on the part of the agents or servants of the defendant.—*Birmingham Ry. Co. v. Wright,* 44 South. 1037; *Sou. Ry. v. Weatherlow,* 44 South. 1019; *Mobile, J. & K. C. R. R. v. Smith,* 45 South. 57. Hence the demurrer to pleas of contributory negligence thereto was properly sustained. However, we can find in the bill no evidence tending in any way to show willful or wanton misconduct by the parties in control of the car in question. So the affirmative charge as to this count, requested by the defendant, should have been given.

It was averred in the complaint that the car on which plaintiff was a passenger was a transportative agency operated by the defendant; and that the negligence imputed was that of servants or employes of the defendant. There was no testimony introduced tending to support these averments; but it was insisted below, and the court sustained it, that by pleading, besides the general issue, the alleged contributory negligence of the plaintiff, and by answering and propounding interrogatories filed under Code 1896, § 1850 et seq., the defendant waived the necessity for the presentation by the plaintiff of evidence tending to sustain the allegations stated above. The interrogatories, and answers thereto, were not introduced, or offered to be introduced, in evidence. Hence, and it is hardly necessary to so state they were, in effect upon the trial and the issues raised thereon, without any rightful influence. Indeed, they were just as if without existence. While the court, when properly invited to rule thereon, may consider such mattter with a view to their admission in evidence, yet aside from this the court cannot consider them, any more than the jury, unless they are introduced as evidence in the cause.

Nor could the pleading of contributory negligence be

[Alabama City G. & A. Ry. Co. v. Bates.]

taken by the court as an admission, as of fact, of negligence on the part of the pleader; the general issue being also interposed.—*McDonald v. Montgomery Railway Co.,* 110 Ala. 161, 20 South. 317. It follows that the court unwarrantably ruled that proof of the material averments alluded to had been waived, and also, therefore, erroneously refused to the defendant the affirmative charge.—*McGehee v. Cashin,* 130 Ala. 561, 30 South. 367.

The state of the case is such we think it unnecessary to consider other errors assigned. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.