# Birmingham Railway Light & Power Co. *v.* Weathers.

## *Injury to Passenger.*

(Decided Dec. 16, 1909. 51 South. 303.)

1. *Pleading; Construction.*—As a pleader is presumed to state his facts, in the most favorable aspect of which they are capable, pleadings are uniformly construed most strongly against the pleader.

2. *Same; Complaint; Negligence.*—Although the general allegations of negligence in a complaint would in the absence of special allegations be sufficient to state a prima facie case, yet where a pleader undertakes to define the particular negligence which caused the injury, the complaint will be tested by the special allegations in that respect, and if such allegations fail, for any reason, to state a good cause of action, the complaint will be held bad.

3. *Same; Demurrer; Judgment; Construction.*—Where the record shows that the demurrers were addressed to each count of the complaint separately and not to the complaint as a whole, the fact that

they were so addressed is not changed by a recital in the judgment that the defendant filed its demurrers to the complaint, and that said demurrers be and they are hereby overruled.

4. *Carriers; Passengers; Injury; Complaint.*—A complaint alleging that while plaintiff was a passenger on one of defendant's cars said car jerked, started or the speed thereof was suddenly increased, and as a proximate consequence thereof, plaintiff was thrown or caused to fall or struck on or against said car, or some hard substance therein, and was made sick and sore, etc., that he was thrown or forced to fall or be struck as aforesaid, and to suffer said injuries and damages by reason of and as a consequence of, the negligence of defendant in or about carrying plaintiff as defendant's passenger, fails to allege the negligence of defendants or its agents, and hence, is insufficient to state a cause of action.

(Denson and McClellan, JJ., dissenting.)

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by T. S. Weathers against the Birmingham Railway, Light & Power Company for injuries received while a passenger. Plaintiff had judgment, and defendant appeals. Reversed.

The count considered in the opinion is as follows:

"The plaintiff claims of the defendant seven thousand five hundred dollars, for that heretofore, to wit, on the 8th day of May, 1906, defendant was a common carrier of passengers for hire and reward, by the means of a car operated by electricity, in Birmingham, Alabama; that on said day plaintiff boarded said car as defendant's passenger, and became defendant's passenger on said car, and while plaintiff was upon said car, and was defendant's passenger thereon, said car started with a jerk, or the speed thereof was suddenly increased, and as a proximate consequence thereof plaintiff was thrown or caused to fall or struck upon or against said car or some hard substance therein, and was made sore and sick, and was crippled and disfigured, his leg was bruised, mashed, and an ulcer was caused thereon, and plaintiff was confined to his house for a long time, and was caused to go on crutches for a long time, and was rendered for a long time unable to work and earn

money, his health and physical stamina were greatly and permanently injured, plaintiff suffered great mental and physical pain, and was put to great trouble, inconvenience, and expense for medicine, medical attention, care and nursing in or about his efforts to heal and cure his said wounds and injuries. Plaintiff alleges that he was thrown or caused to fall or be struck as aforesaid, and to suffer said injuries and damage, by reason and as a proximate consequence of the negli· gence of defendant in or about carrying plaintiff as defendant's passenger as aforesaid.

"'(2) Plaintiff refers to and adopts all the words and figures of the first count, from the beginning thereof, to and including the words 'heal and cure his said wounds and injuries,' where they first occur together in said count. Plaintiff adds thereto the following words of averment: Defendant's servant or agent, acting within the line and scope of his authority as such, in charge or control of said car, wantonly or intentionally caused plaintiff to suffer said injuries and damage as aforesaid."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The court erred in overruling defendant's demurrer to the first count.—*Bir. R. L. & P. Co. v. Parker,* 47 South. 138. The concluding part of the count is not an independent averment of negligence, and it not being negligence as a matter of law to start or jerk the car, the demurrer was well taken.

BOWMAN, HARSH & BEDDOW, for appellee.—The complaint was good and demurred properly overruled. —*Bir. R. L. & P. Co. v. Haggard,* 46 South. 519; *Southern Ry. Co. v. Burgess,* 142 Ala. 364; *L. & N. v. Marbury L. Co.,* 125 Ala. 237. The complaint was amend-

ed to meet the objection pointed out by the case cited by appellant.

SAYRE, J.—In an opinion handed down on a day of the last term, we indicated our opinion that the demurrer to the complaint should have been sustained. Counsel for the appellee complains strenuously of that judgment, and we, having in mind the rights of the parties, have been willing to reconsider the question involved, and have done so.

. In a long line of cases to be traced back through a hundred volumes of our Reports to *Leach v. Bush,* 57 Ala. 145, it has been held that, when the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule, it is sufficient if the complainant avers facts out of which the duty to act springs, and that the defendant negligently failed to do and perform, etc. It is not necessary to define the quo modo, or to specify the particular acts of diligence he should have employed in the performance of such duty. What the defendant did, and how he did it, and what he failed to do, are generally better known to the defendant than to the plaintiff; and hence it is that, in such cases, a general form of averment is sufficient. In the numerous cases in which this question has been raised the rule quoted from *Leach v. Bush* has unquestionably been accepted as meaning that most general allegations of negligence, amounting to conclusions only, may be received as meeting the requirements of our system of pleading; it has not been understood to dispense with a categorical averment that the defendant was guilty of negligence. The burden of allegation has generally been discharged by an allegation that the defendant negligently did or failed to do thus and so. In *L. & N. R. R. Co. v. Jones,* 93 Ala. 376,

3 South. 902, which was a suit by a passenger, it was held sufficient to allege that the defendant so negligently and unskillfully conducted itself in carrying a passenger, and in conducting, managing, and directing the coach upon which plaintiff was, that the coach was derailed, to the injury of plaintiff. In *Armstrong v. Montgomery Street Railway*, 123 Ala. 233, 26 South. 349, it was held, in a case of the same character, that an averment that the defendant so negligently conducted the business of carrying passengers that by reason of such negligence plaintiff received injury sufficiently stated a cause of action.

Not until the case of *Birmingham Ry., L. & P. Co. v. Adams*, 146 Ala. 276, 40 South. 385, 119 Am. St. Rep. 27, so far as we are informed, was approval given to a complaint in this form, viz. (after allegation that plaintiff was injured while a passenger).: Plaintiff avers that said injury was proximately caused by the negligence of the defendant's servants in and about the carriage of the plaintiff as a passenger. Similar complaints have been sustained in *L. & N. R. R. Co. v. Church*, 155 Ala. 329, 46 South. 457, and *Birmingham Ry., L. & P. Co. v. Haggard*, 155 Ala. 343, 46 South. 519, and doubtless in other late cases which we have not at hand just now. We mention this form of latest adoption, not to dissent from its use in ordinary cases as a sensible and practicable averment of negligence, though it may be said in strictness that it contains no categorical allegation of negligence, but simply to note that it marks the limit of permissible generality in averment. Nor need we discuss the idea that such exceeding great generality of averment expedites or facilitates the equal administration of justice. It seems to have become fixed in our system of pleading, and we anticipate no radical departure from it, unless by leg-

islative sanction. What we have said is incidental to another proposition to which we are leading, which is that the complaint is defective under a rule of pleading which is that the sufficiency of a pleading, which undertakes to go into particulars, must be judged by reference to those particulars.

In *Birmingham Ry., L. & P. Co. v. Parker*, 156 Ala. 251, 47 South. 138, this court had under consideration a complaint by a passenger in which he charged that the car, upon which he was being carried, "was started or jerked, or the speed thereof suddenly increased, and as a proximate consequence plaintiff was thrown," etc. This was taken to be a statement of the quo modo of defendant's negligence. The complaint in that case concluded as follows: "Plaintiff alleges that said car started or was jerked, or the speed thereof was suddenly increased, while she was waiting to alight therefrom or engaged in or about alighting therefrom as aforesaid, by reason and as a proximate consequence of the negligence of defendant in or about carrying plaintiff as its passenger aforesaid." It was pointed out that the particulars of the negligence alleged in the fore part of the complaint fell short of averment of a cause of action, for that, whereas, not every sudden jerk of a car upon which a passenger is being carried is negligent, because sudden jerks may be necessarily incident to the starting and movement of cars (*H. A. & B. R. R. Co. v. Miller*, 120 Ala. 535, 24 South. 955), the complaint averred nothing more, in effect, than that there had been a sudden jerk of the car upon which plaintiff was a passenger. Whether a sudden jerk—which really means a jerk only, its culpability depending upon the degree of violence present—constitutes negligence, depends upon attendant circumstances, examples of which are stated in the opinion in the *Parker*

*Case,* and which must be alleged with particularity, or covered by a general allegation that the act done was negligently done. The last method was followed in the *Miller Case,* supra, where it was held that the averment of a count that "the engineer of said engine negligently caused or allowed said car and engine to be suddenly and violently shocked as aforesaid" sufficiently alleged a cause of action. In the *Parker Case* the opinion shows that this court attributed to the words "as aforesaid," with which the complaint there concluded, the effect of putting the particular facts alleged in the fore part of the complaint in apposition to the general concluding averment of negligence, and held the one to be the legal equivalent of the other, and both to be deficient in the statement of necessary fact.

In the case at hand we at first took the complaint to be a substantial copy of the complaint in the *Parker Case,* except for the omission of the appendix "as aforesaid." And the appellee, speaking through counsel, stated that he was of the same opinion. The complaint in the case at bar avers in its fore part that while plaintiff was a passenger upon defendant's car "said car started or jerked, or the speed thereof was suddenly increased, and as a proximate consequence thereof plaintiff was thrown or caused to fall or struck upon or against said car or some hard substance therein, and was made sick and sore," etc. Then, after describing his injuries, the complaint concludes: "Plaintiff alleges that he was thrown or caused to fall or be struck as aforesaid, and to suffer said injuries and damage, by reason and as a consequence of the negligence of defendant in or about carrying plaintiff as defendant's passenger." "Sudden jerk" cases are sui generis in one respect: Proof of a passenger's injury by a sudden jerk does not make out a case against the carrier. It

is necessary that something more be shown. There can be no sort of doubt that plaintiff intended to state a case of injury by sudden jerk. That the "car started or jerked or the speed thereof was suddenly increased" is not alleged as descriptive of what happened to plaintiff, but of what was done by the defendant. In passing it may be observed that there is nowhere in the complaint a categorical averment that the defendant or its agents were guilty of negligence. At best that charge is made by way of inference only.

But, to pass that over, we are now requested to remember that a car cannot be negligent, that a person only can be negligent, and that the averment of the complaint that "said car started or jerked, or the speed thereof was suddenly increased," performs in this complaint the office of identifying the means by which the defendant's negligence, whatever it was, operated upon the person of the plaintiff to inflict the injury. Some such remembrance as that induced us to suppose that the averment in question was intended to signify to the common and undistorted apprehension of the court that the car started or jerked as the result of an act done by the defendant or its employe while operating the car. Upon some such theory, also, we understood that, when the plaintiff charged that his being made sick and sore was a proximate consequence of the car's starting, he did not intend merely to charge that the starting of the car was only a link in the chain of causation through which some unmentioned negligence of the defendant, as, for example, some defect in appliances, reached to the plaintiff, but that he meant that the starting of the car suddenly was the cause, in a legal sense and as the court was going to deal with it, of his being sick and sore; in other words, that the sudden jerk and its consequence were stated as the plaintiff's

cause of action. There is no suggestion of an antece-
dent and more remote cause. The complaint invites
the court to consider a starting of the car suddenly—
nothing more. The sudden start is then averred to
have caused plaintiff's injury. A moment later the
negligence of the defendant is averred to have caused
his injury.

We are still of the opinion that, construing the count
most strongly against the pleader, as we must do, be-
cause presumptively he stated his facts in the most
favorable aspect of which they were capable, and yet
construing it fairly, and without wringing the lan-
guage used out of its ordinary meaning and common
acceptation—we still think that the conclusion of the
count means that the fact already alleged in its fore
part constitute negligence, and that by reason and as a
consequence of them, and nothing besides, plaintiff suf-
fered his injuries, and that such must be taken to have
been the intention of the pleader. That conclusion of
the count is without authority of law.

We may say that we are not disposed to exaggerate
the difficulties of the system of pleading which has pre-
vailed in this state for many years, nor to divide too
nicely between north and northwest side. We did not
create this system, nor are we empowered to destroy it.
We can only take care, as far as may be, that its faults
be not further accentuated. It is true that a suitor
may state his cause of action in such general terms as
hardly to give intimation of what he expects to prove;
and he may state with particularity the facts essential
to his case in other counts of the complaint. And since,
under the general count, he may prove any case per-
mitting recovery, it may seem immaterial what is stat-
ed in the special counts. So here the appellee suggests
that, since he might prove any case allowing a passen-

ger to recover under the general conclusion of his count, it is quite absurd to bother about any degree or lack of particularity in other parts of the count. But the rule has long prevailed, and in itself considered it seems to be a rule of reason, as well as a survival of times when a plaintiff was required to inform defendant of the nature of his grievance, that the sufficiency of a complaint, in an action for personal injuries, which undertakes to define the particular negligence which caused the injury, must be tested by the special allegations in that respect, although the general allegation of negligence would, in the absence of such special allegations, be sufficient to make a prima facie case of negligence.— *Birmingham O. & M. Co. v. Grover,* 159 Ala. 276, 48 South. 682.

The necessity for the rule that particulars alleged must state a cause of action becomes further apparent when it comes to instructing the jury. The plaintiff has a right to have the jury charged that he is entitled to recover on a hypothesis of facts found as stated in the language of the complaint. But such a charge in this case would not correctly state the law, as was shown in the *Miller Case, supra.* There are others of the same import. We therefore conclude again that there was error in overruling the demurrer interposed to the first count of the complaint.

There was no demurrer to the complaint as a whole, but to each count thereof severally and separately. The judgment, after reciting that the defendant refiled its demurrer to the complaint, was that "said demurrers be and they are hereby overruled." The recital did not change the fact, shown by the record, that the demurrer was addressed to each count severally and separately, and not to the complaint as a whole. We must construe the judgment of the court as responsive to the is-

sue. So construed, it means that the demurrer to count 1 was overruled.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, and MAY-FIELD, JJ., concur. DENSON and McCLELLAN, JJ., dissent.