# Birmingham Railway, Light & Power Company *v.* Bush.

### *Crossing Accident.*

(Decided November 23, 1911. 56 South. 731.)

1. *Street Railways; Injury to Pedestrian; Pleading; Negligence.* —In an action for injuries for being struck and injured by a street car while crossing a public street, a count in the complaint which alleges the injuries to have been caused by the negligence of the defendant in the negligent manner in which it ran or operated its car sufficintly charges negligence to be good against demurrer, although the charge is inferential and not categorical.

2. *Same.*—When it is necessary to exercise due care, a failure to do so is negligence, and hence, a count alleging that plaintiff's said injuries were proximately caused by the negligence of defendant's motorman in charge of the operation of said car, while acting within the line and scope of his employment, in failing to exercise due care after discovery of plaintiff's peril, states a situation in which the defendant owed the plaintiff the duty of diligence, even though plaintiff had negligently gone on the track, and is a sufficient statement of negligence, though it does not aver that the motorman negligently failed to use due care.

3. *Same; Pleading; Contributory Negligence.*—Where the action was for injuries received by being struck by a car, a plea setting up plaintiff's contributory negligence proximately contributing to her alleged injury which consisted in her going upon and remaining on or dangerously near the railroad track of the defendant in front of or dangerously near to a car then and there approaching on said track, while good as against a count in simple negligence, is not good against wanton counts, or a count charging a failure of the defendant's motorman to use due care after discovery of peril.

4—175

4. *Same; Instructions.*—Where, under the evidence, it was a question for the jury to determine whether plaintiff was permanently injured and if so, how far in the future such injuries would affect her earning capacity, the court properly denied a charge asserting that if the jury believed the evidence, they could not award plaintiff any damages for decreased earning capacity; such charge was also improper as pretermitting the right of plaintiff to recover nominal damages on that issue.

5. *Appeal and Error; Review; Wrong Grounds.*—Where a plea was framed in the alternative, one alternative stating no defense, a point not taken by the demurrer, and the demurrer was sustained erroneously for the sole reason that it stated a conclusion, the defect of a bad alternative which was not relied upon cannot be taken to sustain the ruling thereon.

6. *Same; Harmless Error; Pleading.*—Where the defendant filed another plea under which it had the full benefit of the defense set forth in a plea to which demurrer was sustained, any error in sustaining such demurrer was harmless.

7. *Witnesses; Impeachment; Necessity for Predicate.*—Where no statement was made to the court as to the purpose of the cross-examination of a witness as to statements made by her in her answers to interrogatories propounded before the trial, it was not necessary for the court to inquire whether the purpose of such cross-examination was to contradict and impeach the witness, or to test and refresh their memory, and the court will not be put in error for sustaining objections to the questions.

8. *Same.*—Where it was sought to impeach the testimony of a witness by showing conflicting statements made in answers to interrogatories, the proper and necessary course is to put the answer in the hands of the witness, if they can be had, and ask him whether it is his answers and depositions, and hence, where a witness was simply questioned as to whether or not he had made a conflicting statement, without either showing or an offer made him to show him his deposition, a sufficient predicate for impeachment was not shown.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Lillian Bush against the Birmingham Railway, Light & Power Company, for damages for injury received in collision with a street car on a public street. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The court erred in overruling demurrers to the first count as amended.—*B. R. L. & P. Co. v.*

*Weathers,* 164 Ala. 23; *Republic I. & S. Co. v. Williams,* 53 South. 78. The court erred in overruling demurrers to the 2nd count.—*A. G. S. v. McWhorter,* 156 Ala. 277. Counsel discuss the action of the court in sustaining demurrers to pleas 2, 3 and 4, but cite no authority in support thereof. The court erred in its rulings on the evidence.—*Grasselli Chem. Co. v. Davis,* 166 Ala. 477. Counsel discuss the charges refused, but without citation of authority. They insist that the court erred in its general charge to the jury in the matter excepted to. —*B. R. L. & P. Co. v. Moore,* 163 Ala. 45; *Same v. Jones,* 146 Ala. 284; *Same v. Landrum,* 153 Ala. 201; *A. G. S. v. Hanbury,* 161 Ala. 381, and authorities supra.

FRANK S. WHITE & SONS, for appellee. The court was not in error in its rulings on the complaint. The 1st count has been approved in the following cases.—*C. of Ga. v. Foshee,* 125 Ala. 199; *Same v. Freeman,* 134 Ala. 354; *Mont. St. Ry. v. Armstrong,* 123 Ala. 233; *Am. Bolt Co. v. Feunell,* 158 Ala. 180; *Duncan v. St. L. & S. F.,* 152 Ala. 118. The same authorities show that count 2 was good.—*Mobile L. & R. Co. v. Baker,* 158 Ala. 491; *L. & N. v. Calvert,* 54 South. 185. Defendant's second plea is not good.—*Creola L. Co. v. Mills,* 149 Ala. 482; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 571; *L. & N. v. Calvert, supra.* Besides, the plea is alleged in the alternative.—121 Ala. 224; 94 Ala. 418; 39 South. 830. The defendant had the benefit of this plea under others to which no demurrers were sustained.—*B. R. L. & P. Co. v. Lee,* 153 Ala. 84. On these same authorities, demurrers were properly sustained to plea 3. Besides, this plea was not good, as to the counts charging wantonness, or subsequent negligence.—*So. Ry. v. Stewart,* 153 Ala. 137; *Duncan v. St. Lous, supra; L. & N. v. Brown,* 121 Ala. 221. On the above authorities, the court prop-

erly sustained demurrers to plea 4. Counsel discuss the evidence, but without citation of authority. Charge 5 was properly refused.—*B. R. L. & P. Co. v. Landrum, supra; Mont. St. Ry. v. Lewis,* 148 Ala. 142. Counsel discuss the other charges refused, but without citation of authority.

SAYRE, J.—It is averred in the complaint that plaintiff was injured while crossing a public street by being struck by a street car operated by the appellant corporation. In count 1 plaintiff concludes by averring that "her said injuries were caused by the negligence of the defendant in the negligent manner in which it ran or operated its car." This count is criticised as not containing a categorical averment of negligence. Mere general averments of negligence in cases of this character have been so often sustained that the principle involved is not open to question. It is curious to observe that the very effort to encourage and uphold the utmost simplicity of averment has led to some confusion; the result being due perhaps to an effort in some cases to push the practice beyond all reason. However, in this case, we are unable to find reversible error in the rulings on demurrer. Substantially this form of averment, though in strictness it is inferential, has had indorsement in cases heretofore.—*Birmingham Ry., L. & P. Co. v. Adams,* 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27; *L. & N. R. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *Birmingham Ry., L. & P. Co. v. Haggard,* 155 Ala. 343, 46 South. 519. There has been no dissent from these precedents as furnishing a sensible and practical form of averment in ordinary cases of this character. The considerations which influenced the decision in *Birmingham Ry., L. & P. Co. v. Weathers,* 164 Ala. 23, 51 South. 303, find no field for operation in the case at bar.

Count 2 concludes by averring that plaintiff's "said injuries were proximately caused by the negligence of the defendant's motorman in charge of the operation of said car, while acting within the line and scope of his employment, in failing to exercise due care after discovering plaintiff's peril." In addition to the points taken against count 1, which are here repeated, appellant seems to insist that the count is bad because it does not allege that defendant's motorman negligently failed to exercise due care. But a failure to exercise due care, where care is demanded, is negligence. The count states a situation in which the defendant owed plaintiff the duty of diligence to avoid injuring her notwithstanding she may have negligently gone upon the track, and was for anything we see a sufficient statement of negligence under the authority of our cases.—*Southern Ry. Co. v. Arnold,* 162 Ala. 570, 50 South. 293, and cases supra.

The rule has been frequently held to be that a plea of the plaintiff's contributory negligence must set forth the facts constituting the negligence, and that mere conclusions will not suffice. In its second plea "defendant says that plaintiff was herself guilty of negligence which proximately contributed to her alleged injuries, and that her said negligence consisted, in this: Plaintiff negligently went upon, or dangerously near, or remained upon, or dangerously near, the railway track of defendant in front of and in dangerous proximity to a car then and there approaching on said track." Obviously this plea was no answer to the charge of wanton injury contained in counts 4 and 6. Count 2 charged that defendant's motorman failed to exercise due care after he discovered plaintiff's peril, a charge of subsequent negligence as it is commonly termed. Plaintiff's negligence in going upon the track was no

sufficient answer to this count.—*L. & N. R. R. Co. v. Brown,* 121 Ala. 221, 25 South. 609; *Central of Georgia v. Foshee,* 125 Ala. 199, 27 South. 1006. Other counts proceeded as for simple initial negligence. The plea is framed in the alternative. Both alternatives must be sufficient. Probably the demurrant might have a good ground of demurrer to the second alternative, which, construed against the pleader, was that plaintiff remained upon or dangerously near the railway track of defendant in front of and in dangerous proximity to a car then and there approaching on said track. That these facts do not per se constitute contributory negligence is clear, for, if so, no one who is run down by a car could ever recover. The plea needed a further averment of facts which would show the act of plaintiff to have been negligent, or, since the facts averred may or may not have constituted negligence, according to the construction to be put by the jury upon the entire context of the plaintiff's environment at the time, a matter sometimes beyond the reach of specific allegation, the act of plaintiff should have been averred to have been negligently done. But the demurrer did not take this point. It touches the question of alternative averments only by saying that the plea sets out several defenses in the alternative, and that the first alternative is no answer to the complaint. In respect to the first alternative averment of the plea, to wit, that plaintiff negligently went upon, or dangerously near, the track in front of and in dangerous proximity to a car then and there approaching on said track, my opinion is that it sufficiently states a case of contributory negligence. Other rulings on demurrers to pleas of the same general character make it apparent that the demurrer to the plea in question was sustained for the reason that it stated a mere conclusion. *L. & N. R. R. Co. v. Calvert,*

172 Ala. 597, 54 South. 184, is cited on appellee's brief as sustaining the ruling below. But I apprehend that if the plea condemned in that case had shown that the train was in dangerous proximity at the time when plaintiff saw it approaching and measured the chance of crossing the track, and had alleged that thereupon he negligently attempted to cross, the ruling would have been different. It seems that the only possible objection to the plea in that case in that shape would have been that the plea failed to measure the distance. But to require in pleading the definition of every word and phrase like that would lead only to an interminable multiplication of words with no countervailing advantage in clearness of idea or expression. The plea in the shape I have suggested would have advised the plaintiff of every essential element of the proposed defense, and served every purpose of pleading. My conclusion is that the plea in the present case, as for any objection taken to it, was a sufficient answer to the counts going upon simple initial negligence, and that there was error in sustaining the demurrer. But plea 3, upon which, along with others, the case was tried, averred that "plaintiff went upon or dangerously near the railway track of defendant in front of, and in dangerous proximity to, a car then and there approaching on said track without looking for the car which struck her, or plaintiff, having looked for said car, negligently failed to (see) the same, or plaintiff, having looked and having seen said car, nevertheless negligently went upon or dangerously near the railway track of defendant in front of and in dangerous proximity to said car." Under that plea, defendant had the full benefit of the defense set up in plea 2. It results that the error in sustaining the demurrer to plea 2 was harmless, and cannot work a reversal.

The fourth and fifth assignments of error proceed upon the idea that pleas 3 and 4 were sufficient answers to count 2 because that count failed to state a case of negligence on the part of defendant's motorman after he had discovered plaintiff's peril, as it undertook to do. But the trial court had ruled otherwise in respect to the count, and we have stated our conclusion that there was no error in so ruling.

Plaintiff claimed in her complaint that she has been permanently injured and disabled, and that her injuries rendered her less able to earn a livelihood. Before the trial she had answered interrogatories propounded to her by the defendant under the statute for the examination of adverse parties. On cross-examination at the trial, testifying as a witness in her own behalf, she deposed that her salary prior to her injury had been $100 a month, whereupon defendant asked her this question: "Isn't it a fact, Mrs. Bush, that your salary was $75 a month, and didn't you so state in your answers when you answered the interrogatories?" The court sustained the plaintiff's general objection to this question, and the defendant excepted. Counsel for appellee concede that an inquiry as to the amount of her salary before her injury, omitting the remainder of the question, would have been proper, and justifies the ruling below on the ground that her answers to the interrogatories were the best evidence of what she then said. Appellant relies upon the recent case of *Grasselli Chemical Co. v. Davis*, 166 Ala. 477, 25 South. 35.

In *Gunter v. State*, 83 Ala. 96, 3 South. 600, our predecessors held that the trial court had properly refused to permit a witness to be interrogated on cross-examination as to particular statements made before a committing magistrate on preliminary hearing, such statements having been reduced to writing, and being then in court in the possession of counsel, but not

shown to the witness.  It was considered that the court would not undertake to inquire whether the purpose of such a mode of examination was to contradict and impeach the witness, or to test, or even refresh, his memory.  It is the settled rule of this state, as it is of nearly all the states, and as it was in England prior to 1854, that the proper and necessary course is to put the writing, where that can be had, in the hands of the witness, and to ask him whether it is his writing or deposition.— *Wills v. State,* 74 Ala. 24; *Phoenix Ins. Co. v. Moog,* 78 Ala. 310, 56 Am. Rep. 31; *Floyd v. State,* 82 Ala. 22, 2 South. 683; 1 Greenl. Ev. (16th Ed.) §§ 463-465a, and notes to last-cited section.  Prof. Wigmore, who edited the sixteenth edition of Greenleaf, adding section 465a, criticises this rule as both unsound in principle and unfair in policy, regards its alteration by statute in England as a just step, and regrets that, owing in part, as he puts it, to ignorance of the change and of the reasons for it, so many of the courts of this country came to adopt the English rule long after its repudiation in the jurisdiction of its origin.  But this court has adhered to the rule after knowledge of the change in England.— *Gunter v. State, supra.*

In *Southern Railway Co. v. Hubbard,* 116 Ala. 387, 22 South. 541, the court pretermitted as unnecessary in that case a decision of the question whether a party, having taken the deposition of his adversary under the statute, may use in evidence specific portions of the answer, not as proof of the facts therein stated (for it had been decided that if he offers a part of an answer in evidence he thereby makes the whole evidence), but for the purpose of impeaching his adversary as a witness by showing that he has made contradictory statements.  The ruling in that case was put upon the specific ground that, if such use of a part of the answer were permissible, yet no predicate had been laid nor had the

trial court been given to understand clearly that the part was offered for the purpose of impeachment only.

In *Birmingham Railway Co. v. Oden,* 164 Ala. 1, 51 South. 240, it was said that "it would be a perversion of the purposes of the statute to permit the rule of construction placed upon it (referring to the staute for the examination of adversary parties and the decisions holding that, if the party taking the answer offers a part, he makes the whole evidence) to be evaded, and a part only of the answer introduced, upon the suggestion of laying a predicate for impeachment."

In the *Grasselli Case, supra,* it was said that merely showing the answer to the witness would not be introducing it in evidence, and the action of the trial court in refusing to permit the defendant to lay a predicate for impeachment, by asking the plaintiff on cross-examination whether he had not made contradictory statements when examined under the statute, was held for error. The effect of this was to decide that a party who has taken the deposition of his adversary under the statute may use a part of it for the single specific purpose of impeachment without making the whole evidence, and we think this a sound rule. We think, also, that, when a party so uses a part of his adversary's answer, the adversary party may use such other parts of his answer as may serve to explain the contradiction. It is our further opinion that in such cases the predicate for impeachment must be laid in the manner prescribed in *Gunter v. State, supra,* and the other cases in the same line.

Our conclusion in the case at bar is that no error appears for the reason that the purpose to impeach was not stated to the court, and because, as for anything appearing in the bill of exceptions, the appellant, when laying its predicate, if that was its purpose, did not show, nor offer to show, his deposition to the witness.

[Birmingham Railway, Light & Power Company v. Bush.]

The only other question seeming to require attention upon this appeal arises out of the court's refusal to charge the jury as follows: "If you believe the evidence, you cannot award any damages for decreased earning capacity." The claim of the complaint in this connection has been stated. Plaintiff at the time of the injury complained of and since was and is employed as buyer in a department store. Her duties keep her constantly on her feet. Testifying two years after her hurt, she said that she still suffered pain and inconvenience from her injuries. A physician testified that her injuries were likely to remain with her indefinitely unless corrected. Of the probability of correction he was not asked to say anything. On the other hand, the evidence went to show that since her injury plaintiff had been in the receipt of a salary or wages equal to or even greater than that she was earning at that time. On these facts we cannot say that the jury were not authorized to infer that plaintiff's earning capacity for the future would be impaired to some extent by reason of her injuries. However doubtful it may have been that plaintiff's condition resulted from her contact with defendant's car, that, as well as the question whether her injuries were permanent, and, if so, to what extent they would in the future affect her earning capacity, were questions for the jury, and the charge under consideration was refused without error on the theory stated in the recent case of *Sloss-Sheffield Steel & Iron Co. v. Stewart,* 172 Ala. 516, 55 South. 785.

The judgment must be affirmed.

Affirmed.

ANDERSON and McCLELLAN, JJ., hold that the demurrer to plea 2 was properly sustained. DOWDELL, C. J., and SIMPSON, MAYFIELD and SOMERVILLE, JJ., concur in the opinion. All the justices concur in the conclusion.