# Western Ry. of Ala. v. Foshee.

## *Injury to Passenger.*

(Decided May 15, 1913.  62 South. 500.)

1. *Carriers; Passengers; Injuries; Complaint.*—The complaint examined and held that each count thereof on which the case was tried sufficiently alleged negligence.

2. *Payment; Plea of; Unliquidated Damages.*—Payment is a mode of extinguishing a debt, and hence, a plea of payment is not a good defense to an action upon an unliquidated demand for personal injury.

3. *Same; By Check; Presumption.*—Ordinarily it is not presumed that a check is taken in payment of a claim, but an agreement that it be accepted as payment will be effectuated.

4. *Pleading; Puis Darrein Continuance.*—Where the action was for injuries, a plea that defendant had compromised and settled all claims and had taken plaintiff's written release as set out in the plea, was not strictly a plea puis darrein continuance, but under the practice in this state operated in the same manner as pleas of defense occurring since the last adjournment, and it was not necessary that such plea aver payment of cost already accrued.

5. *Accord and Satisfaction; Part Payment.*—Where the claim sued on is disputed, an agreement of compromise accompanied by payment of a sum less than that claimed operates as an accord and satisfaction; the concession made by the one being a sufficient consideration for the concession made by the other without any release, receipt or discharge in writing.

6. *Same; Pleading.*—A replication alleging that an attorney's lien existed when an agreement of compromise was made, is not an answer to a plea of accord and satisfaction by reason of the compromise agreement.

7. *Constitutional Law; Determination; Demurrer.*—The constitutionality of section 3011, Code 1907, cannot be raised by demurrer to pleas.

8. *Attorney and Client; Lien; Protection Against Settlement.*—Neither a party nor his attorney should be heard to say that an agreement of compromise between the parties to the suit was made in actual or legal fraud of the right of the attorney to a lien; at least the attorney should be required to show by petition or motion in his own name his right to proceed with the suit notwithstanding the agreement of compromise, as the courts are not bound to inquire whether the attorney would be satisfied with the compromise.

9. *Compromise and Settlement; Pleading; Fraud.*—Where the action was for injury to a passenger and the defense was compromise and settlement, a replication alleging that the settlement as executed by plaintiff was obtained by fraud in that plaintiff was in a weak mental and physical condition at the time, and was in ignorance of the extent and consequences of her injury, and incapable of appreciating their extent, and at the time had no legal advice or the advice of anyone else, knowing the extent of her injuries, or of the company's liability, and that the company's physician knowing of such facts and having plaintiff's confidence falsely represented to her that there was nothing serious the matter with her, for the fraudulent purpose of securing the settlement for a grossly inadequate sum, and that plaintiff on the same day repudiated the settlement, was not subject to the demurrers interposed.

10. *Release; Consideration.*—A release from liability for damages for personal injury must be supported by a valuable consideration.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Action by Nancy R. Foshee against the Western Railway of Alabama. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following are the counts of the complaint referred to:

"(4) Plaintiff claims of defendant $25,000 as damages for that heretofore, to wit, October 20, 1911, defendant

was a common carrier of passengers by means of a train upon a railroad running from Opelika to Millstead, Ala., and plaintiff's ·fare had been paid to defendant for being carried by defendant on said train from Opelika to Millstead, and plaintiff was on said train as defendant's passenger on the occasion aforesaid to be carried by defendant as aforesaid, and while plaintiff was on said train as defendant's passenger on the occasion aforesaid, and said train was in or near said Opelika, that car provided by defendant for the carriage of passengers upon which plaintiff rightfully was in said train as such passenger was suddenly or violently jarred or jolted so that as a proximate consequence thereof plaintiff was thrown or caused to fall, and (here follows a catalogue of her injuries). Plaintiff avers that defendant was guilty of negligence in or about carrying plaintiff as its passenger on the occasion aforesaid, and that as a proximate consequence of said negligence said car on which plaintiff was on the occasion aforesaid was suddenly and violently jarred or jolted on said occasion, and plaintiff suffered said consequent injuries and damages."

Count 5. Same as 4 down to· and through catalogue of injuries with the additional allegation; plaintiff further avers that defendant's servants or agents, acting within the line and scope of his authority as such, wantonly or intentionally caused plaintiff to suffer said injuries and damages by wantonly or intentionally causing said car on which plaintiff was to be suddenly and violently jarred or jolted on said occasion, well knowing that so to do would likely or probably cause some passenger to suffer great personal injury and damages.

Plea 1 was the general issue.

Plea 2 payment.

"(3) That defendant had compromised and settled any and all claims which plaintiff had against the defendant for alleged injury for a valuable consideration and took her written release therefor in words and figures as follows: 'Alexander City, March 22, 1912. To whom it may concern: I, Mrs. Nancy R. Foshee, being a passenger on a train of the Western Railway of Alabama on October 20, 1911, and receiving certain bodily injuries which I hold makes the said Western Railway of Alabama liable to me for said injuries, which fact is denied by the said Western Railway of Alabama, and whereas, both parties desire to settle the question of damages, I, Mrs. Nancy R. Foshee, do hereby agree to accept the sum of $300 to me in hand paid and the receipt of which I hereby acknowledge, and same is to be in full for all damages which I receive both now and hereafter, and I hereby quitclaim and release the said Western Railway of Alabama from all liability for my injuries for the sum of $300.' Signed by Mrs. Nancy R. Foshee and witnessed by H. L. Foshee and A. H. Hollowell."

Plea 4 is the plea of payment, not only as to the debt and demand, but as to the cost which had accrued in the court.

(5) Same as 3, with the addition that it is alleged that all costs accrued had been paid.

(6) Plea of payment of all damages and costs.

(7) That defendant gave and plaintiff received and accepted a check for $300 in satisfaction of the cause of action.

(8) Same as 7, with the additional averment as to payment of cost.

(9) Same as 3, with a little elaboration as to detail and an additional averment as to payment of cost.

The following are the replications to pleas 5 and 9

"(2) That the compromise and settlement therein referred to was obtained by fraud in this: Plaintiff was in weak mental and physical condition, and was then ignorant of the extent and consequences of her injuries, the subject-matter of this suit; she was incapable of knowing or appreciating the extent thereof, and was then and there without legal advice, and was absent from the attorney whom she had previously employed to advise and represent her in the assertion of her said claims against the defendant and was without the aid or counsel of any person who knew the extent of her injuries, or the extent of defendant's liability to her for said injuries, and that one Dr. Palmer, a practicing physician, acting in behalf of defendant, and knowing or having notice of the aforesaid facts and conditions, came to plaintiff's home and gained or had plaintiff's confidence and told plaintiff, in or about procuring said compromise or settlement, substantially that there was nothing serious the matter with her, which was in fact false and was made for the fraudulent purpose of procuring said compromise or settlement for a grossly inadequate sum, and said Palmer thereby induced and unduly influenced plaintiff to sign said paper writing for a check for a sum grossly less than would be the fair and just compensation for plaintiff's injury. The said check so given by Palmer was given her and accepted by her upon the statement of the said Palmer that the same would be paid upon presentation to Nolen's Bank in Alexander City, and plaintiff caused said check to be duly presented by her agent on the next day after it was given to her, and said bank declined to pay the same, and plaintiff's agent then and there left said check at said bank but had no authority to leave said check at said bank for collection for plaintiff, and said agent so informed said bank upon its refusal to pay same.

[Western Ry. of Ala. v. Foshee.]

Plaintiff on the same day repudiated said compromise and settlement and rescinded said release, and on that day, through her attorney at law, notified the said Palmer that she had repudiated the same and would not be further bound thereby and would not have received said check or its proceeds, and plaintiff further avers that she never has received any amount whatsoever in consideration of said settlement or compromise and has never received any amount whatever as proceeds of said check, and has not now, nor has she ever had, possession of said check since same was left in the bank for her on the day following the day same was given her by said Palmer."

"(4) That there was no valuable consideration for her signature to said paper writing, and there was no valuable consideration for said compromise and settlement."

GEORGE P. HARRISON, for appellant. The counts were subject to the demurrer interposed.—*B. R. L. & P. Co. v. Weathers,* 164 Ala. 23. Plea 2 was good.—3 Cyc. 1254b. Pleas 4, 5, 6, 7 and 8 and 3 were good, and the court erred in sustaining demurrers thereto; sections 3011, 3012, Code 1907, being unconstitutional.—*King v. Palmer,* 34 Ala. 416; *Mills v. Long,* 58 Ala. 458; *U. S. R. Co. v. Stock Co.,* 95 Ala. 322; *Stillman Co. v. Mixon,* 120 Ala. 206; 27 Am. Rep. 75. Courts of law have no original jurisdiction to enforce lien.—*Enslen v. Wheeler,* 98 Ala. 200. A plea since the last continuance was a good plea.—1 Cyc. 343. The demurrer to plaintiff's replication No. 4 should have been sustained.—*Meyer v. Black,* 139 Ala. 174.

HARSH, BEDDOW & FITTS, and P. O. STEPHENS, for appellee. Demurrers were properly overruled to the fourth count, as it sufficiently alleged negligence.—*B. R. L. & P. Co. v. Jordan,* 170 Ala. 530; *Same v. Yates*

169 Ala. 387; *Am. Bolt Co. v. Fennell,* 158 Ala. 485 ; *C. of Ga. v. Freeman,* 134 Ala. 354; *H. A. & B. v. Miller,* 120 Ala. 543. This is also true as to the fifth count as amended.—*Yarbrough v. Carter,* 60 South. 833; *B. R. L. & P. v. Goldstein,* 61 South. 281. A plea of payment is not a proper plea to an unliquidated demand.—30 Cyc. 1259; 22 A. & E. Enc. of Law, 517. There was no error in sustaining demurrers to the pleas.—1 Cyc. 343-6. The court might well have rested its action wholly on the idea of an unsatisfied attorney's fees.—Sec. 3011, Code 1907; 31 S. E. 88; 63 Ga. 496; 89 Ga. 411. This statute was copied verbatim from the Georgia Code after the construction contended for had been given it in the Georgia Cases cited, and our Legislature must be presumed to have intended to have adopted it with that construction.—*Barnwell v. Murrell,* 108 Ala. 377.

SAYRE, J.—Under the act creating the Lee county court of law and equity, this case was brought here for a review of the rulings on the pleadings in advance of a submission to the jury. As we read count 4 of the amended complaint, it avers negligence antedating the sudden and violent jolting or jarring of the car in which plaintiff was a passenger, a negligence which, operating through the alleged sudden jolt or jar of the car, caused plaintiff's injury. True, the negligence is averred in a most general way. It is that defendant was guilty of negligence in or about carrying plaintiff as its passenger; but that averment of negligence, in connection with a statement of the relation between the parties, has been held sufficient in cases of the sort.— *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233, 26 South. 349; *L. & N. R. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *B. R. L. & P. Co. v. Hagard,* 155 Ala. 343, 46 South. 519. This case

may be differentiated from *B. R. L. & P. Co. v. Weathers,* 164 Ala. 23, 51 South. 303, on the consideration that in that case there was no effort to aver, generally or otherwise, a negligence antedating the alleged sudden jerk in the line of causation, nor was it averred that the sudden jerk was negligently caused. The complaint in that case was rested upon the bare fact that plaintiff was injured by an isolated, unrelated jerk, which was without characterization, except that it was alleged to have been sudden. This was held insufficient. Here, as we have seen, there is an averment of negligence which operated through a sudden and violent jar or jolt to plaintiff's injury. The demurrer to the count was properly overruled.

More patently count 5 was good. The averment is that defendant's servant or agent, acting within the line and scope of his authority as such, wantonly or intentionally caused plaintiff's injuries, not that he wantonly or willfully did something which might or might not have caused that result, and then the means adopted in producing the result is stated. Under our decisions this was enough.—*L. & N. R. R. Co. v. Sharp,* 171 Ala. 212, 55 South. 139.

At the trial term a plea of the general issue was filed, followed by several special pleas alleging (to speak of them in a general way) payment and accord and satisfaction. Pleas 2, 4, and 6 were pleas of payment. Payment is a mode of extinguishing a debt, and a plea of payment is not an appropriate answer to an unliquidated demand in tort such as was claimed in the complaint. There was no error in sustaining the demurrer to these pleas.

Plea 3 was a plea of accord and satisfaction. The trial court overruled demurrers to pleas 5 and 9, which set up substantially the same facts as plea 3, except that

in addition they averred that defendant had paid costs accrued to the date of their filing. From this we infer that the trial court was of opinion that the averment as to the payment of costs was essential to the sufficiency of the proposed defense, and we infer that plea 3 with a like averment would have been held good. The dates averred in these pleas show that the alleged concord of the parties was reached subsequent to the commencement of the action, but before pleas filed. At the common law a plea since the last continuance superseded all other pleas and defenses in the cause, but by our statute a plea of that character may be pleaded along with pleas to the merits of the original action.—Code, § 5336. These pleas were not strictly pleas puis darrein continuance (*McDougald v. Rutherford,* 30 Ala. 253, and cases there cited; *Dryer v. Lewis,* 57 Ala. 551; *Lindsay v. Barnett,* 130 Ala. 417, 30 South. 395); but in our practice, where costs accrue upon the filing of the complaint and the issue of summons, in their effect upon the ultimate disposition of costs, pleas averring matters of defense which have arisen since the suit was brought, though before plea pleaded, must operate in like manner as pleas since the last adjournment or since plea pleaded.—*State ex rel. Sanche v. Webb,* 110 Ala. 214, 20 South. 462. By these pleas defendant submitted that, in the event it failed upon its plea to the original merit of the alleged cause of action, costs accrued prior to the filing of the plea should be taxed against it. But if defendant should succeed on its denial of the original merit of the asserted cause of action, the result will be that it go out of court with a judgment for its costs. It was not necessary that these pleas should aver payment of costs already accrued. Pleas 5 and 9 were good pleas as the court held, but so also was plea 3.

In legal effect pleas 7 and 8, determined according

[Western Ry. of Ala. v. Foshee.]

to the substance of their averments, were pleas of accord and satisfaction. They set up an executed agreement of compromise. They aver, in substance, that defendant gave and plaintiff accepted in satisfaction of her alleged cause of action a specified consideration. Where the claim in suit is disputed or unliquidated, an agreement of compromise, followed by the payment of a sum less than that claimed in satisfaction, operates as an accord and satisfaction. In such case the concession made by one is a sufficient consideration for the consession made by the other, nor in such case is there need for release, receipt, or discharge in writing.—*Hand Lumber Co. v. Hall,* 147 Ala. 561, 41 South. 78.

Ordinarily it is not presumed that a check is taken in payment or satisfaction of a claim; but if the parties so agree, as is alleged in plea 8, the agreement must be given effect according to the intention of the parties.—*Smith v. Elrod,* 122 Ala. 269, 24 South. 994; 30 Cyc. 1207, 1208.

One ground of demurrer taken to all the pleas of payment and of accord and satisfaction was that they failed to aver or show payment or satisfaction of the fees of plaintiff's attorneys or their lien on the pending suit for fees. Another was that they failed to show that plaintiff's attorneys of record had joined in the concord of the parties. Evidently the court resolved this question in favor of the appellant, for it overruled demurrers to pleas 5 and 9, as we have already stated, which made no mention of attorneys' fees. But, if these grounds were well taken, error could not be predicated of those rulings which sustained demurrers to those pleas of accord and satisfaction after action brought, which we have held good. If these grounds of demurrer were well taken, the demurrers to those pleas were properly sustained, notwithstanding what we have said

of them, and appellee urges that these grounds of demurrer ought to have been accepted as reason enough for holding all the pleas insufficient.

Appellant argues the unconstitutionality of the statute (Code, § 3011), which declares that attorneys at law shall have a lien for their fees "upon suits, judgments, and decrees for money," and "shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them." The constitutional validity of acts of this sort has been generally affirmed by the courts in states where such acts have been adopted.—*Standige v. Chicago Railway Co.*, 254 Ill. 524, 98 N. E. 963, 40 L. R. A. (N. S.) 529, and note where some of the cases are collated. We have thought it best not to enter upon a discussion of the only objection which, it occurs to us, may with plausibility be taken against the act, to wit: That it destroys the right of the parties to a suit to contract and dispose of a disputed claim according to their own concurring notions of right and justice, for the reason that we are satisfied the question cannot be raised by demurrer to pleas as plaintiff undertook to raise it in this case. The statute gives a remedy by providing that attorneys have the same right and power over suits, to enforce their liens as their clients had or may have. Appellant has suggested that the right is conferred in contravention of public policy. A sound policy might be more convincingly invoked against the remedy, for we conceive that much of difficulty and confusion will arise in the effort to have determined in one finding by a jury the respective rights of plaintiffs, their attorneys, and parties defendant. But we have nothing to do about questions of policy or convenience. That is for the Legislature. It seems, however, clear enough on general principles,

which are unaffected by the statute, that the client, acting for himself, or the attorney acting for his client, ought not to be heard to say that an agreement of compromise into which the parties have entered was in actual or legal fraud of a right peculiar to the attorney. At least the attorney ought to be required to show by petition or motion made in his own name and behalf his right to proceed with the suit notwithstanding the agreement of the parties. And besides, while it is held that the suit is notice to the defendant of the lien of plaintiff's attorney, it does not follow that the court must take notice of the lien ex mero. Non constat, the attorney may have been paid. It may have been the defendant's duty to inquire whether plaintiff's attorneys would be satisfied, but no such duty can be put upon the court unless the issue be made between the parties by appropriate pleading. The lien is a fact which must be brought within the court's cognizance by an averment of fact. The court cannot assume the existence of a lien on demurrer to defendant's plea of accord and satisfaction. We think, therefore, that the several pleas were proof against those grounds of demurrer which asserted that plaintiff's attorney may have had an unsatisfied lien, and, we may add, a replication of the attorney's lien would be no answer to the defendant's plea of accord and satisfaction. As against the plaintiff, the plea is good, though the attorney be not provided for. If the rights of the attorney have been invaded, he must make the fact known to the court in a separate though subsidiary and dependent proceeding.

To pleas 5 and 9 the plaintiff filed several special replications. Demurrers to those numbered 2 and 4 were overruled, and these rulings are assigned for error.

The demurrer to replication 2 was properly overruled.—*L. & N. R. R. Co. v. Huffstutler,* 162 Ala. 619, 50

South. 146. No sufficient reason for a holding to the contrary has been suggested to us. Many grounds of demurrer were assigned, and "special attention is asked" to a number of them, but the argument is "that the plaintiff's agent, who presented said check to the Nolen Bank, then and there had the amount thereof placed to the credit of plaintiff and received a deposit book therefor from said bank," and the argument proceeds: "An examination of this replication will show that the facts therein set forth do not negative this contention." This argument rests upon facts which are nowhere shown in the record. They were not alleged in the pleas; they were not confessed in the replication. If the demurrer had afforded ground for the argument made in its support, it would have been condemned as a speaking demurrer. It was well, therefore, to overrule the demurrer.

Replication 4 denied that there was a valuable consideration for the alleged compromise and settlement. The plea had averred the payment and acceptance of a sum of money in accord and satisfaction. The reply proposed by this replication might have been shown under the general replication which was filed. Nevertheless the replication denied a fact essential to the sufficiency of the plea and presented a complete answer in law to the plea. There was no error in overruling the demurrers.

For the errors pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.

DOWDELL, C. J., and McCLELLAN, J., not sitting.