(81 South. 581)

WILSON v. GULF STATES STEEL CO.
(7 Div. 944.)

(Supreme Court of Alabama. April 10, 1919.)

1. ATTORNEY AND CLIENT ⊂⊃190(4) — ATTORNEY'S LIENS—PROTECTION AGAINST SETTLEMENT—NECESSITY FOR MOTION OR PETITION.

Intervention by a motion or petition by attorneys showing their rights is necessary in order to render an accord and satisfaction unavailing as a bar to the further prosecution of a suit by counsel for the enforcement of a lien on the suit by the collection in judgment of their fees; a demurrer to the plea of accord and satisfaction being insufficient.

2. ACCORD AND SATISFACTION ⊂⊃25(3) — PLEADING—REPLICATION—ATTORNEY'S LIEN.

A replication of attorney's lien is no answer to a plea of accord and satisfaction, the plea being good as against the plaintiff, and against the attorney where he has not intervened.

3. APPEAL AND ERROR ⊂⊃866(1) — MATTERS REVIEWABLE.

Where the record shows that a nonsuit resulted from demurrers to replications, and not from a ruling on demurrer to a plea, reversal of the judgment of nonsuit cannot be predicated on the ruling as to the plea.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Action by H. T. Wilson, as administrator, against the Gulf States Steel Company, for damages for the death of his intestate. Judgment for defendant, and plaintiff appeals. Affirmed.

This is an action for the death of plaintiff's intestate, resulting from defendant's negligence. After trial, resulting in verdict and judgment for defendant, which was reversed on appeal, defendant interposed four additional special pleas puis darrein continuance, including plea No. 7. This plea set up an accord and satisfaction by defendant's payment to plaintiff of $1,600 in full settle-

ment and discharge of the claim sued on, evidenced by plaintiff's written release. It also alleges that after said accord and satisfaction the attorneys for plaintiff acquiesced in and ratified the same by filing with the intestate's administrator (plaintiff herein) a claim for $800 for legal services in bringing and prosecuting this suit, knowing at the time that the suit had been settled as aforesaid.

A minute entry dated February 7, 1918, recites that the demurrers to pleas 6 and 7, were on that date overruled. Thereupon, on the same day, plaintiff filed special replications 1 and 2 to plea 7, to which defendant demurred; and a separate minute entry, dated February 9, 1918, recites that said demurrers were sustained on that date. This entry contains the further recital:

"And thereupon the plaintiff, on account of adverse rulings of the court on the pleadings, takes nonsuit with bill of exceptions."

The only assignment of error argued in brief is upon the overrulings of the demurrer to plea 7.

Bondurant & Smith, of Birmingham, and Motley & Motley, of Gadsden, for appellant. Hood & Murphree, of Gadsden, for appellee.

SOMERVILLE, J. The brief of counsel for appellant states that—

"The only error assigned is the judgment overruling appellant's demurrers to the seventh plea to the petition of intervention."

An examination of the record fails to show that counsel for plaintiff filed any motion or petition showing and asserting their right to proceed with the suit, notwithstanding the settlement agreed upon and executed by the parties.

[1] As we have heretofore held, upon a full consideration of the subject, such an intervention was necessary in order to render the accord and satisfaction unavailing as a bar to the further prosecution of the suit by counsel for the enforcement of their lien on the suit by the collection in judgment of their fee. Western Ry. of Ala. v. Foshee, 183 Ala. 182, 193, 62 South. 500, 504; Denson v. A. F. & I. Co., 198 Ala. 383, 73 South. 525.

In the Foshee Case it was said:

"The lien is a fact which must be brought within the court's cognizance by an averment of fact. The court cannot assume the existence of a lien on demurrer to defendant's plea of accord and satisfaction. We think, therefore, that the several pleas were proof against those grounds of demurrer which asserted that plaintiff's attorney may have had an unsatisfied lien, and, we may add, a replication of the attorney's lien would be no answer to the defendant's plea of accord and satisfaction. As against the plaintiff, the plea is good, though the attorney be not provided for. If the rights of the attorney have been invaded, he must make the fact known * * * in a separate, though subsidiary and dependent, proceeding."

[2] As to the plaintiff proper, the plea was good and the replications bad, and the rulings on demurrer were correct; and counsel, not having intervened, cannot complain on their own account.

[3] Moreover, the record shows that the nonsuit resulted from rulings on demurrers to the replications, and not from the ruling on demurrer to plea 7. A reversal of the judgment could not therefore be predicated on any ruling as to the plea. Engle v. Patterson, 167 Ala. 117, 120, 52 South. 397.

It results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.